Irvin S. LOZOFF and Cecile Lozoff,
Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 16355.

United States Court of Appeals
Seventh Circuit.

Feb. 29, 1968.

Harvey W. Peters, Milwaukee, Wis., for plaintiffs-appellants.

Mitchell Rogovin, Lee A. Jackson, Burton G. Ross, Gilbert E. Andrews, Tax Division, Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., for defendant-appellee; Franklyn M. Gimbel, Asst. U. S. Atty., of counsel.

Before HASTINGS, Chief Judge, and CASTLE and FAIRCHILD, Circuit Judges.

PER CURIAM.

Action by plaintiff taxpayers for refund of income tax paid in response to a notice of deficiency in income tax for 1957. The claims argued in the district court were disposed of in an opinion by Chief Judge Tehan and the action was dismissed. We adopt Judge Tehan's opinion.[1] Further comment is needed only because plaintiffs have argued in this court a theory not argued below.

The action concerns the tax consequences of a transaction which occurred January 16, 1956. The claims argued here or in the district court or both are as follows:

I. Taxpayers claim the 1956 transaction was the sale of a capital asset held for more than six months, so that they were entitled to long term capital gain treatment of installments received in 1957.

II. Taxpayers claim that since they had reported as a long term capital gain an installment received in 1956, and since the commissioner made no timely challenge of their election to do so, the commissioner was bound to treat a receipt in 1957 as a long term capital gain.

III. Taxpayers claim that if the 1956 transaction resulted in ordinary income, all such income was taxable in 1956, and the cash and securities received in 1957 were not taxable income in that year.

I. was argued and decided in the district court. It was argued only obliquely on appeal, if at all.

██ II. was argued both in the district court and on appeal. The disposition of it in the district court opinion was brief, but entirely adequate.

III. is inconsistent with I. and necessarily an alternative to it. III. was not advanced as such alternative in taxpay-

1. Lozoff v. United States (D.C.E.D.Wis.1967), 266 F.Supp. 966.

ers' claim for refund nor their complaint. III. was never argued to the district court as an alternative theory on which judgment could be rendered for taxpayers. At most there was a short reference to the idea that the value of the contract rights acquired in 1956 might be income for that year, but this appeared in a portion of a brief arguing II.

The government makes three answers to III.: (1) Taxpayers report on the cash basis and because of the nature of the arrangements, the 1956 transaction did not produce reportable income in 1956 except for the installment received in cash. (2) There is no good reason in this case for permitting an appellant to raise in this court a theory not presented to the district court. (3) Taxpayers could not have asserted III. either in the district court or here because it was not set forth in the claim for refund. Any one of the three answers may well be sufficient, but we rest our decision on (2).

The judgment will be affirmed.