T.C. Memo. 1996-438

UNITED STATES TAX COURT

WILLIAM C. AND KATHERINE H. WHITE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17786-95.                    Filed September 25, 1996.

William C. and Katherine H. White, pro se.

<u>Roslyn D. Grand</u>, for respondent.

MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

Respondent determined a deficiency of $1,288 in petitioners'
1992 Federal income tax.

---

[1]    Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

The sole issue for decision is whether petitioners are entitled to deductions for dependency exemptions under section 151 for their 1992 tax year for the two children of William C. White (petitioner) from a former marriage.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time their petition was filed, petitioners' legal residence was Atlanta, Georgia.

Petitioner was previously married to Virginia White (Ms. White). Two children were born of this marriage: Christopher, born March 30, 1983, and Allison, born April 13, 1985. Petitioner and Ms. White were divorced on March 14, 1989, pursuant to a Dual Judgment of Divorce (divorce decree) issued by the Superior Court of New Jersey, Chancery Division. In the divorce decree, petitioner and Ms. White were granted joint custody of the two children; however, the primary residence of the children was declared to be with Ms. White. Since the divorce, Christopher and Allison have resided with Ms. White. The divorce decree further provides that petitioner "shall be entitled to claim the two (2) children of the marriage as his beneficiaries for income tax purposes. The Plaintiff [Ms. White] shall execute whatever documents may be required to enable the Defendant [petitioner] to claim the children as his exemptions."

On November 6, 1989, Ms. White signed a letter prepared by petitioner that states, in pertinent part:

> According to the Terms and Conditions of the divorce decree between Virginia E. White and William C. White, Virginia must execute the appropriate papers that will entitle William C. White to claim Christopher and Allison as dependents.

> As stated in the decree "The Defendant, (William C. White) shall be entitled to claim the two (2) children of the marriage as his beneficiaries for income tax purposes.  The Plaintiff, (Virginia E. White) shall execute whatever documents may be required to enable the Defendant to claim the children as his exemptions."

Subsequently, on January 1, 1990, petitioner married Katherine H. White.  On their 1992 joint Federal income tax return (return), petitioners claimed dependency exemptions for Christopher and Allison.  Attached to the return was a copy of the November 6, 1989, letter signed by Ms. White.  For tax year 1992, Ms. White also claimed dependency exemptions for the two children.

In the notice of deficiency, respondent disallowed the deductions for dependency exemptions claimed by petitioners "Since the attached copy of the letter dated November 6, 1989, did not specify the time period you may claim your dependents exemption".

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden of proof is on

the taxpayer to prove that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Section 151(c) allows taxpayers an annual exemption amount for each "dependent" as defined in section 152.  Under section 152(a), the term "dependent" means certain individuals, such as a son, daughter, stepson, or stepdaughter, "over half of whose support, for the calendar year in which the taxpayer year of the taxpayer begins, was received from the taxpayer (or is treated under section (c) or (e) as received from the taxpayer)".

The support test in section 152(e)(1) applies if:  (1) A child receives over half of his support during the calendar year from his parents; (2) the parents are divorced under a decree of divorce; and (3) such child is in the custody of one or both of his parents for more than one-half of the calendar year.  If these requirements are satisfied, as in the present case, the "child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for the greater portion of the calendar year (* * * referred to as the custodial parent)", thus, allowing the dependency exemption to be claimed by the "custodial parent". Sec. 152(e)(1).

To decide who has custody, section 1.152-4(b), Income Tax Regs., provides that custody "will be determined by the terms of the most recent decree of divorce" if there is one in effect.

Since petitioner's divorce decree declares that the primary residence of the children shall be with Ms. White, she is considered the children's "custodial parent" under section 152(e).

Petitioner, as the "noncustodial parent", is allowed to claim a child as a dependent only if one of three statutory exceptions are met.  Under these exceptions, the "noncustodial parent is treated as providing over half of a child's support and, therefore, entitled to the dependency exemption if:

(1)(a)  The custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and

(b) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year (section 152(e)(2)); or

(2) a multiple support agreement pursuant to section 152(c) determines support (section 152(e)(3)); or

(3)(a) a qualified pre-1985 instrument provides that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, and

(b) the noncustodial parent provides at least $600 for the support of such child during the calendar year (section 152(e)(4)).

In the present case, the exceptions described as paragraphs (2) and (3) above, in section 152(e)(3) and (4), do not apply. There was no multiple support agreement and no pre-1985 instrument since petitioner's divorce decree was rendered after 1985. Therefore, petitioner is only entitled to the dependency exemptions if the requirements of section 152(e)(2) are met, described as paragraph (1) above.

Section 152(e)(2)(A) specifically requires that the custodial parent sign "a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent". Pursuant to this statutory provision, temporary regulations were promulgated that provide that, "The written declaration may be made on a form to be provided by the Service for this purpose. Once the Service has released the form, any declaration made other than on the official form shall conform to the substance of such form." Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).[2] Internal Revenue Service Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, requires the (1) name of the children for

---

[2] The Court notes that temporary regulations have binding effect and are entitled to the same weight as final regulations. Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equipment Corp. v. Commissioner, 98 T.C. 141, 149 (1992); see LeCroy Research Systems Corp. v. Commissioner, 751 F.2d 123, 127 (2d Cir. 1984), revg. on other grounds T.C. Memo. 1984-145.

which exemption claims were released, (2) years for which the claims were released, (3) signature of the custodial parent, (4) Social Security number of the custodial parent, (5) date of signature, and (6) name and Social Security number of the parent claiming the exemption.

In this case, the Court finds that the November 6, 1989, letter signed by Ms. White fails to "conform to the substance" of Form 8332. Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs. The letter fails to state the years in which Ms. White was releasing the claims for exemption, nor does the letter state the Social Security numbers of either parent. Most importantly, the letter fails to explicitly state that Ms. White would not claim Christopher and Allison as dependents. In fact, for 1992, Ms. White did claim the children as dependents. The letter relied on by petitioner is essentially nothing more than a restatement of the divorce decree. It has no other meaning or significance. While the Court sympathizes with petitioner and understands petitioner's intentions in having Ms. White sign the letter prepared by him, unfortunately, the requirements of section 152(e)(2)(A) have not been met in this case.

Although petitioner's divorce decree provides that he is entitled to the dependency exemptions for the two children, State courts, by their decisions, cannot determine issues of Federal tax law. Commissioner v. Tower, 327 U.S. 280 (1946); Kenfield v.

<u>United States</u>, 783 F.2d 966 (10th Cir. 1986); <u>Nieto v.</u>
<u>Commissioner</u>, T.C. Memo. 1992-296.  Thus, the Court concludes
that, pursuant to section 152(e), petitioner is not entitled to
claim his two children as dependents for 1992.  His remedy, if
any, lies in the State court for enforcement of the divorce
decree.

<u>Decision will be entered</u>
<u>for respondent.</u>