T.C. Memo. 2002-228


UNITED STATES TAX COURT


JOANN BRAMANTE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4356-01.                    Filed September 12, 2002.


<u>Elizabeth A. Maresca</u> and Jenna Nicenko (specially

recognized), for petitioner.

<u>Theresa G. McQueeney</u>, for respondent.



MEMORANDUM OPINION


POWELL, <u>Special Trial Judge</u>:  Respondent determined a

deficiency of $2,725 in petitioner's 1998 Federal income tax.

After concessions by respondent,[1] the issues are (1) whether

_____

[1] Respondent concedes that petitioner is entitled to head
of household filing status and to an earned income credit.  As a
result of respondent's concession, the deficiency amount in issue
is $1,610, to be reflected in a Rule 155 computation.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

petitioner is entitled to claim dependency exemption deductions for her two minor children under section 151[2] and (2) whether petitioner is entitled to claim a child tax credit under section 24. Petitioner resided in Brooklyn, New York, at the time the petition was filed.

## Background

The facts may be summarized as follows. Pursuant to a Judgment of Divorce (the judgment) entered by the Supreme Court of the State of New York, County of Kings, petitioner and her former spouse, Leo DiGuilio (Mr. DiGuilio), were divorced on December 6, 1993. The judgment awarded petitioner custody of their two minor daughters, Amanda and Geena DiGuilio (the children). The judgment further ordered Mr. DiGuilio to pay biweekly child support of $268. The judgment made no reference to dependency exemption deductions for the children. Since the divorce, petitioner has provided over half of the support for the children.

For the taxable years 1994 to 1997, irrespective of the dependency exemption deductions for the children, petitioner did not have sufficient income to owe any Federal income tax. However, Mr. DiGuilio was employed. Thus, his accountant advised him to seek a waiver from petitioner of her claim to dependency

---

[2]   Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

exemption deductions.  The accountant prepared a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, by typing in the children's names.  Form 8332 has two parts.  Part I pertains to the current year and states that petitioner "[agrees] not to claim an exemption for * * * [the children] for the tax year 19<u>94</u>".  Part II pertains to exemptions for future years and states that petitioner "[agrees] not to claim an exemption for * * * [the children] for the tax year(s) <u>1995 TO 2013</u>".  At Mr. DiGuilio's behest, petitioner signed both parts of the Form 8332, and he dated it in his handwriting.  The form is complete except that it does not state petitioner's Social Security number in the spaces provided.

Petitioner returned to work full time in October of 1997 and resumed filing Federal income tax returns.  For the 1998 taxable year, petitioner claimed dependency exemption deductions for the children and a child tax credit.  She attached to her return a written statement that she had not "authorized the use of my children * * * to be claimed as a dependant [sic] on someone's tax return."  Petitioner apparently had not informed Mr. DiGuilio of her disavowal of the Form 8332.  He also claimed dependency exemption deductions for the children for the taxable year 1998 and attached the Form 8332 to his return.

## Discussion

1. Dependency Exemptions

Sections 151 and 152 provide that a taxpayer is entitled to deduct an exemption for a minor dependent if the taxpayer provides over half of the support for the minor dependent. In the case of a minor dependent whose parents are divorced or separated and together provide over half of the support for the minor dependent, section 152(e)(1) provides that the parent having custody for a greater portion of the calendar year ("custodial parent") generally shall be treated as providing over half of the support for the minor dependent. A noncustodial parent may be treated as providing over half of the support for the minor dependent if the requirements of section 152(e)(2) are satisfied. Section 152(e)(2) provides:

> (2) Exception where custodial parent releases claim to exemption for the year.--A child * * * received over half of his support during a calendar year from the noncustodial parent if--
>
> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
>
> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

The regulations promulgated with respect to section 152(e) are temporary.[3]  Section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984), provides:

> A noncustodial parent may claim the exemption for a dependent child only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year.  The written declaration may be made on a form to be provided by the Service for this purpose. * * *

Pursuant to the authority granted by the regulations, the Commissioner promulgated Form 8332.  Form 8332 instructs a taxpayer to furnish (1) the names of the children for whom exemption claims were released, (2) the current and future years for which the claims were released, (3) the signature of the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and Social Security number of the parent claiming the exemption.  See Miller v. Commissioner, 114 T.C. 184, 190 (2000).

Petitioner argues that Form 8332 was not a valid release of her claim to the dependency exemption deductions for essentially two reasons:  (1) Petitioner's Social Security number was not

---

[3]  Temporary regulations are entitled to the same weight as final regulations.  See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992); see also LeCroy Research Systems Corp. v. Commissioner, 751 F.2d 123, 127 (2d Cir. 1984), revg. on other grounds T.C. Memo. 1984-145.

filled in on Form 8332, and (2) Mr. DiGuilio dated Form 8332 in his own handwriting.

We note initially, however, that it is unclear whether petitioner argues that she did not execute Form 8332. While she does not deny that she executed the form and admits that the signatures on the form "looks like my signature", she also testified that she would not have signed a form giving up the right to claim dependency exemption deductions for her children from 1995 to 2013, and she could not recall signing the form. On the other hand, Mr. DiGuilio testified that she executed the form. In spite of petitioner's potential disclaimer of her execution of Form 8332, we find that she executed the form.

To properly release a claim to a dependency exemption deduction, section 152(e) clearly and unambiguously requires the custodial parent to sign a written declaration with an express statement that the custodial parent will not claim the dependency exemption deduction. Neither the statute nor the regulations require that the release contain the custodial parent's Social Security number. Furthermore, there is no requirement that the instrument be dated by the person executing the document.

In White v. Commissioner, T.C. Memo. 1996-438, we held that the custodial parent's letter, attached to the noncustodial parent's return, was insufficient under section 152(e). The custodial parent did not include an explicit statement that she

agreed not to claim the exemption and did not state the years in which she would release the claim to the dependency exemption deduction. Id. While the custodial parent also did not include her Social Security number, that omission was not a determinative factor. We emphasized the lack of the custodial parent's explicit statement not to claim the dependency exemption deduction. Id. In this case, Form 8332 includes an explicit statement that petitioner would not claim dependency exemption deductions for specific years.

Petitioner further argues that Form 8332 is not valid because it was not her intent to waive the dependency exemption deductions from 1994 to 2013. Mr. DiGuilio testified that while the form contained the future dates from 1995 to 2013, he and petitioner intended for him to claim the dependency exemption deductions until petitioner began working. As to the taxable year 1998, petitioner argues that the form was inoperative because she had begun working.

The pre-1985 version of the allocations of the dependency exemption deduction was "often subjective and [presented] difficult problems of proof and substantiation". H. Rept. 98-432 (Part II), at 1498 (1984). In order to provide more certainty, Congress amended section 152(e) to "[allow] the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between parents will be

resolved without the involvement of the Internal Revenue Service." Id. at 1499.

In this case, petitioner executed the Form 8332, the consequences of which she now attempts to avoid. If we were to relieve her of those consequences under these circumstances, we essentially would have to ignore the language of the statute, the regulations, and the legislative history. The result is to permit the whipsaw that Congress sought to prevent. For section 152(e) to operate as intended by Congress, strict adherence to the literal requirements of section 152(e) must be observed. See Miller v. Commissioner, supra at 196; Cafarelli v. Commissioner, T.C. Memo 1994-265. We will not ignore the Form 8332 here. Petitioner executed the form, and she is bound by its terms with regard to the year before the Court.

## 2. Child Tax Credit

Section 24(a) provides that a taxpayer may claim a credit for "each qualifying child". A qualifying child is defined, inter alia, as any individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year". Sec. 24(c)(1)(A). For the reasons stated above, petitioner may not claim dependency exemption deductions for the children under section 151, and, therefore, she may not claim a child tax credit.

To reflect the foregoing and respondent's concessions,

<u>Decision will be entered</u>

<u>under Rule 155.</u>