T.C. Memo. 2007-178

UNITED STATES TAX COURT

STEVE A. AND DONNA WOOD CHAMBERLAIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10129-05.               Filed July 5, 2007.

Steve A. and Donna Wood Chamberlain, pro sese.

<u>J. Craig Young</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined a $1,047 deficiency in petitioners' Federal income tax for the taxable year 2003.  The issue for decision is whether petitioners are entitled to claim a dependency exemption and a child tax credit for Steven A. Chamberlain's child by a previous marriage for the taxable year

2003, pursuant to sections 151[1] and 24, respectively.  We hold that petitioners are not entitled to either the dependency exemption or the child tax credit, because petitioners failed to attach a valid Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, to their joint Federal income tax return for the taxable year 2003 as required by the Internal Revenue Code and its corresponding regulations.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.  Petitioners are husband and wife and resided in Roanoke, Virginia, at the time their petition was filed.

Mr. Chamberlain and Suzanna D. Norris divorced in February 1993.  Mr. Chamberlain and Mrs. Norris had two children by their marriage.  The terms of the divorce decree granted custody of both children to Mrs. Norris, and both children resided with Mrs. Norris at all times from 1993 through 2003.

After the divorce, Mr. Chamberlain and Mrs. Norris came to an understanding, wherein each would claim a dependency exemption for one of their two children.  Accordingly, Mrs. Norris executed separate Forms 8332 for the taxable years 1993 and 1994.  Mr.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Chamberlain attached the forms to his Federal income tax return for each corresponding year, allowing him to claim a dependency exemption for that year. Mrs. Norris retained her right to claim a dependency exemption for the other child since the 1993 divorce.

The parties have stipulated that in 1995 Mrs. Norris executed a Form 8332 releasing her right to claim one of the children as a dependent "for all future years".[2] Mr. Chamberlain affixed the original of this Form 8332 to his 1995 Federal income tax return; a fire subsequently destroyed all copies in Mr. Chamberlain's possession. In 1996 Mr. Chamberlain began attaching Post-it® notes to ensuing Federal income tax returns referencing the Form 8332 that Mrs. Norris executed in 1995. Mr. Chamberlain continued the practice of attaching Post-it® notes referencing the 1995 Form 8332 through the taxable year 2003.

---

[2]The existence of this Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, has been a matter of contention throughout these proceedings. Mr. Chamberlain claims that he had attached the original Form 8332 to his 1995 Federal income tax return and that any copy that he might have retained was destroyed in a fire the following year. The Internal Revenue Service has since destroyed its files of individual Federal income tax returns for the taxable year 1995 in accordance with its policies and cannot produce a copy. In November 2006, however, Mrs. Norris executed a notarized letter declaring that she relinquished her rights to one of the dependency exceptions "for all future years". Respondent originally protested the admission of Mrs. Norris's letter into the record as hearsay; however, in a conference held Feb. 23, 2007, Mrs. Norris acknowledged the letter's validity. Respondent subsequently withdrew his objection, and the parties have stipulated to the existence of the 1995 Form 8332 "for all future years."

The Internal Revenue Service (IRS) did not challenge the dependency exemption on Mr. Chamberlain's individual and joint Federal income tax returns for the taxable years 1996 through 2002, despite Mr. Chamberlain's failure to comply with the written declaration requirement.

In their joint Federal income tax return for the taxable year 2003, petitioners claimed a dependency exemption and a child tax credit for one child; once again affixing a Post-it® note to their joint return referencing Mrs. Norris's 1995 Form 8332. However, Mrs. Norris and her current husband claimed both children as dependents on their 2003 joint Federal income tax return.  To protect the Government from the whipsaw effect of this double claim, respondent determined that petitioners were not entitled to claim the dependency exemption deduction under section 151.

In March 2005, respondent issued a $1,047 notice of deficiency to petitioners for the dependency exemption and child tax credit claimed for the taxable year 2003.  Petitioners timely petitioned this Court for a redetermination and later amended their petition.  In the amended petition, petitioners addressed Mrs. Norris's 1995 Form 8332 declaring that "[The] IRS honored this Form until 2003".

OPINION

A.  Applicable Code Sections and Regulations

Section 151 provides a tax exemption as a deduction in computing taxable income for a taxpayer's dependents (dependency exemption).  Section 152(a) defines "dependent" to include the son or daughter of a taxpayer, over half of whose support was received from the taxpayer for the calendar year in which the applicable taxable year begins.  Section 24 provides a credit against income tax for each qualified child of a taxpayer who is under 17 years of age, but the applicable statutory definition of a qualified child is one for whom a taxpayer may claim a deduction under section 151.  Sec. 24(c)(1)(A).  Thus, a taxpayer is ineligible for the child tax credit under section 24 unless eligible for the dependency exemption under section 151.

Where the parents of a dependent child are divorced or legally separated, section 152(e)(1) generally confers the dependency exemption onto the parent having custody of the child for the greater portion of the calendar year (custodial parent).[3] As an exception to the general rule, a noncustodial parent may claim the exemption where the custodial parent executes a valid written declaration releasing his or her claim to the exemption,

---

[3]Sec. 152(e)(1) establishes a support test outlining the specific requirements for a custodial parent to qualify for this exemption.  Because the issue here involves whether the custodial parent released her claim to the exemption, and neither party disputes Mrs. Norris's satisfaction of the support test, we decline to discuss it further here.

and the noncustodial parent attaches that declaration to his or her Federal income tax return for the taxable year. Sec. 152(e)(2); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). Such a declaration may be executed for a single year, a specified number of years, or for all future years. Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). Where the custodial parent releases his or her exemption for more than 1 year, the noncustodial parent must attach the original release to his or her Federal income tax return for the immediate taxable year and attach a copy of the release to each succeeding return on which he or she claims the dependency exemption. Id.

The IRS issued Form 8332 to conventionalize the written declaration requirement of section 152. Any other written declaration executed by the custodial parent must conform to its substance. Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra; see Miller v. Commissioner, 114 T.C. 184, 188-189 (2000); Neal v. Commissioner, T.C. Memo. 1999-97.

B.   The Written Declaration Requirement

Respondent urges us to sustain the disallowance of petitioners' dependency exemption and child tax credit claimed for the taxable year 2003, because petitioners did not attach a Form 8332 or its equivalent to their 2003 joint Federal income tax return as required by section 152(e)(2) and section 1.152-

4T(a), Temporary Income Tax Regs, <u>supra</u>.[4] The determinations by the Commissioner in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to prove that the determinations are in error. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Petitioners do not contest failing to attach a valid Form 8332 or an equivalent written declaration to their 2003 joint return. They have made considerable efforts to locate a copy of the 1995 Form 8332, but have succeeded only in verifying its one time existence by eliciting Mrs. Norris's 2006 confirmatory letter. Petitioners now ask us to retroactively apply this missing Form 8332 to their 2003 joint return. This we cannot do.

Failure to attach a valid Form 8332, or an equivalent written declaration disqualifies a noncustodial taxpayer from claiming a dependency exemption for the child of a previous marriage. <u>Paulson v. Commissioner</u>, T.C. Memo. 1996-560; <u>Peck v. Commissioner</u>, T.C. Memo. 1996-33; see also <u>Brissett v. Commissioner</u>, T.C. Memo. 2003-310 (compliance with terms of separation agreement not sufficient to authorize dependency exemption without attaching valid Form 8332 or equivalent); <u>Neal v. Commissioner</u>, <u>supra</u> (affixing unsigned Forms 8332 to taxpayer's returns resulted in disallowance of dependency

---

[4]Temporary regulations have binding effect and are entitled to the same weight as final regulations. <u>Peterson Marital Trust v. Commissioner</u>, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996).

exemptions for corresponding taxable years regardless of provisions of divorce decree).

Although we are sympathetic with petitioners' plight, "we are bound by the wording of the statute as enacted and the accompanying regulations, when consistent therewith." Michaels v. Commissioner, 87 T.C. 1412, 1417 (1986). The language of section 152(e), as manifested through its accompanying regulations, is unambiguous. It grants the dependency exemption to a noncustodial parent only where he or she attaches a valid Form 8332 or its equivalent to a Federal income tax return for the taxable year in which he or she claims the exemption. Congress added this written declaration requirement to section 152(e) in 1984 to provide more certainty to the "often subjective and * * * difficult problems of proof and substantiation" that accompanied dependency exemption disputes under the prior statute. H. Rept. 98-432 (Part 2), at 1498 (1984). Congress sought clarity as to which of two divorced parents would receive the dependency exemption for a taxable year and accomplished it by conditioning the noncustodial parent's claim upon the written verification of the custodial parent's release of his or her claim. To preserve Congress's goal we must insist on strict adherence to the requirements of section 152. Miller v. Commissioner, supra at 196; Bramante v. Commissioner, T.C. Memo. 2002-228. Accordingly, we sustain respondent's disallowance of

the dependency exemption and child tax credit claimed by petitioners for the taxable year 2003.[5]

C.    Estoppel

Petitioners further argue that respondent's past acceptance of Federal income tax returns that did not conform to the written declaration requirement estops the disallowance of the dependency exemption and child tax credit for the taxable year 2003.  To raise estoppel as an affirmative defense a party must specifically assert it in his or her pleading.  Rule 39; Lodi Iron Works, Inc. v. Commissioner, 29 T.C. 696, 701 (1958).  Although no technical form is required to assert a matter in a pleading, it must be simple, precise, and direct, so that it gives the opposing party and the Court fair notice that the matter is in controversy.  Rule 31(a) and (b).  Petitioners' amended petition adheres to these requirements.

Petitioners claim that respondent's failure to challenge the dependency exemption on Mr. Chamberlain's individual and joint Federal income tax returns for the taxable years 1996 through 2002, despite Mr. Chamberlain's failure to comply with the written declaration requirement, should prevent respondent from now demanding that a Form 8332 accompany their 2003 joint return.  In the alternative, petitioners claim that respondent's failure

---

[5]We do not address here the question of whether Mrs. Norris's notarized letter would fulfill the requirements of Form 8332 if petitioners had had the opportunity to attach it to their 2003 joint return.

to notify them of the impropriety of these prior returns should prevent the disallowance of the deduction and credit, because it denied them the opportunity to retrieve a copy of the 1995 Form 8332 and correct the discrepancy.

Once again, while we sympathize with petitioners' position, the law is clear.  The Commissioner's allowance of a deduction on a Federal income tax return for 1 year does not preclude him from challenging a similar item in a return for a later year.  S. Chester Tube Co. v. Commissioner, 14 T.C. 1229, 1235 (1950); Lozoff v. United States, 266 F. Supp. 966, 971 (E.D. Wis. 1967), affd. 392 F.2d 875 (7th Cir. 1968).  This holds true even where the Commissioner has accepted a taxpayer's prior returns without examining them.  Rountree v. Commissioner, T.C. Memo. 1968-165. Moreover, the Commissioner has no affirmative duty to notify taxpayers of noncompliance with statutory requirements.  Sommer v. Commissioner, T.C. Memo. 1983-196.

Furthermore, application of the estoppel doctrine in tax cases must be rare, as "the policy in favor of an efficient collection of the public revenue outweighs the policy of the estoppel doctrine in its usual and customary context."  Nadler v. Commissioner, T.C. Memo. 1992-383, affd. without published opinion 993 F.2d 1533 (2d Cir. 1993).  Equitable estoppel is available as a defense only where the taxpayer can show that the Commissioner's representatives have committed fraud or unfair conduct that the taxpayer relied on to his or her detriment.

Edens v. Commissioner, T.C. Memo. 1974-309, affd. 549 F.2d 798 (4th Cir. 1976). Estoppel is generally inapplicable to prevent the Commissioner from correcting a mistake of law. Auto. Club of Mich. v. Commissioner, 353 U.S. 180, 183 (1957).

Accordingly, we cannot accept petitioners' estoppel argument. While petitioners may perceive unfairness in the results of respondent's actions, they have presented no evidence that suggests respondent made any misrepresentations or participated in any wrongful behavior. Thus, respondent is not estopped from disallowing petitioners' dependency exemption and child tax credit for the taxable year 2003.

D. Actions of Third Party

Lastly, petitioners claim that this Court should overturn respondent's disallowance of the dependency exemption and child tax credit, because the entire matter is a result of Mrs. Norris's claiming the dependency exemption on her 2003 joint return. Petitioners base this argument on Mrs. Norris's 1995 Form 8332, wherein she released her claim to the exemption for all future years. They contend she knowingly violated this release as retaliation for differences that arose between her and Mr. Chamberlain over custody of their two children. While Mrs. Norris's refusal to set aside past grievances and abide by her prior agreement may have contributed to the existence of the instant dispute and petitioners' unfortunate situation, this

Court has no jurisdiction to resolve this underlying grievance.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.