T.C. Memo. 2010-97

UNITED STATES TAX COURT

LESLIE AND LINDA HIMES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13885-08.                Filed May 4, 2010.

Leslie and Linda Himes, pro se.

<u>Lisa K. Hunter</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  Respondent determined a deficiency of $3,618
in petitioners' Federal income tax for 2006.  After concessions,[1]
the issue for decision is whether petitioners are entitled to

_____

[1]The notice of deficiency disallowed exemptions and credits
related to a third dependent, AT, petitioners' minor grandchild.
The parties filed a stipulation of settled issues on June 22,
2009, resolving all issues related to AT in favor of petitioners.

dependency exemption deductions and child tax credits under sections 151[2] and 24, respectively, for Leslie Himes' (petitioner's) sons, MH[3] and GH, from a former marriage.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Nebraska at the time the petition was filed.

Before his marriage to Linda Himes, petitioner was married to Ms. Barbara Wyke (Ms. Wyke), formerly Barbara Himes. Petitioner and Ms. Wyke have two children, MH, who was born in 1989, and GH, who was born in 1990.

On September 11, 1995, petitioner and Ms. Wyke divorced. The District Court of Saline County, Nebraska, issued a decree of dissolution of marriage (divorce decree) awarding custody of the two children to Ms. Wyke. Petitioner was awarded liberal visitation rights and ordered to make child support payments to Ms. Wyke. That court granted petitioner the right to claim a dependency exemption deduction for GH on Federal and State tax returns for 1995 and all subsequent years. The District Court

---

[2]Section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[3]This Court refers to minor children by their initials. See Rule 27(a)(3).

judge and petitioner's attorney signed and executed the divorce decree.

On January 22, 1999, the District Court of Saline County, Nebraska, issued an order (modified decree) modifying the divorce decree. The modified decree maintained custody of the children with Ms. Wyke and continued petitioner's visitation privileges. The modified decree still required the petitioner to make child support payments to Ms. Wyke. However, the modified decree significantly changed petitioner's right to claim dependency exemption deductions. The modified decree provided that petitioner was entitled to claim the dependency exemption deduction for both children if he was current on his child support payments at the conclusion of the tax year. The decree provided the following process for transferring the exemption. First, Ms. Wyke would deliver a release to the exemption to the county clerk. Second the clerk, upon verification that all child support payments were made, would deliver the release to petitioner. The modified decree was signed only by the District Court judge.

In 1999 Ms. Wyke, without permission of the State court, left Nebraska with the two children. She did not provide a forwarding address to petitioner, and he subsequently lost all contact with his children. Despite this petitioner continued to make regular child support payments. Additionally, every year

petitioner claimed dependency exemption deductions for the two children on his tax return. Ms. Wyke never executed a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated payments, even though the modified decree specifically required her to do so.

For tax year 2006, petitioners timely filed Form 1040A, U.S. Individual Income Tax Return, attached to their return a copy of the modified decree, and claimed dependency exemption deductions and child tax credits for both MH and GH. Ms. Wyke also claimed dependency exemption deductions and child tax credits for both MH and GH. Ms. Wyke was the custodial parent of MH and GH for 2006.

OPINION

## I. Dependency Exemption Deduction

Section 151(c) allows taxpayers to deduct an exemption for each individual who qualifies as a dependent as defined in section 152. Section 152 provides several definitions for a dependent, including section 152(e), which specifies how to determine the dependent status of children of divorced parents. The exceptions of section 152(e)(1) apply if a child receives more than half of her support from her parents, the parents are divorced, and the parents have custody of the child for more than half of the tax year.

If the requirements of section 152(e)(1) are met the custodial parent may claim the exemption, unless all of the

criteria for one of the section 152(e) exceptions have been met. The only relevant exception is section 152(e)(2), which provides that the noncustodial parent may claim the dependent exemption for a calendar year only if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

The regulations in effect in 2006 specify that the declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332.  See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).[4]  Form 8332 requires a taxpayer to furnish (1) the names of the children for whom exemption claims were released, (2) the years for which the claims were released, (3) the signature of the custodial parent, (4) the date of the custodial parent's signature, (5) the name of the noncustodial parent claiming the exemption, and (6) the Social Security numbers for the custodial and noncustodial parents.

---

[4]The Court notes that temporary regulations have binding effect and are entitled to the same weight as final regulations. See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996).

Ms. Wyke's failure to sign either a Form 8332 or a substantially equivalent document is the controlling factor in this case. The signature of the custodial parent releasing the claim to the dependent exemption is a statutory requirement that cannot be waived. See sec. 152(e)(2) (providing that "the custodial parent signs a written declaration"); Miller v. Commissioner, 114 T.C. 184, 190 (2000) affd. on other grounds sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). Although this Court has allowed the use of a divorce decree to serve as a substantially equivalent document to a Form 8332 in appropriate cases, a decree that was not signed by the custodial parent is not sufficient. Compare Boltinghouse v. Commissioner, T.C. Memo. 2003-134, with Miller v. Commissioner, supra. Petitioners have provided no evidence that Ms. Wyke has ever signed a Form 8332 or equivalent document, nor was any signed document attached to their 2006 tax return. Therefore, petitioners have not met the statutory requirements necessary to claim the dependency exemption deductions.

Although this Court is sympathetic to petitioner's difficulties in acquiring a signed Form 8332, especially during those years when the children's whereabouts were unknown, the statutory language clearly controls this case. Absent a signed release by the custodial parent, petitioner is unable to claim dependency exemption deductions for his sons. Neither

petitioner's faithful payments of child support nor Ms. Wyke's failure to comply with her divorce decree and State law is sufficient to release the deduction to petitioner.  Without a completed Form 8332 or a substantially equivalent document, petitioner, as the noncustodial parent, does not qualify for the deductions under section 151.

## II. Child Tax Credit

Section 24(a) provides that a taxpayer may claim a credit for each qualifying child.  A taxpayer may satisfy the qualifying child requirement if a taxpayer establishes entitlement to the dependency exemption deduction under the exception of section 152(e)(2).  Walker v. Commissioner, T.C. Memo. 2008-194.  Because petitioners have failed to satisfy the requirements under section 152(e)(2), as discussed above, they are ineligible for the child tax credit provided by section 24(a) for MH and GH in tax year 2006.

To reflect the foregoing and the concessions of the parties,

Decision will be entered

under Rule 155.