T.C. Memo. 2014-54

UNITED STATES TAX COURT

NATE J. ALLRED AND LAURIE ALLRED, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27624-11.                    Filed March 31, 2014.

Nate J. Allred and Laurie Allred, pro sese.

<u>Randall Craig Schneider</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined a $1,547 deficiency in petitioners'

joint Federal income tax for the taxable year 2009.  The issue for decision is

whether petitioners improperly claimed on their 2009 return a dependency

[*2] exemption under section 151[1] and a child tax credit under section 24 for Mr. Allred's child by a previous marriage. We hold that they did because they failed to attach required documentation to their 2009 return.

FINDINGS OF FACT

Some of the facts have been stipulated for trial under Rule 91 and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioners are married and resided in Wyoming when they filed their petition.

Mr. Allred and Kim M. Yeaman, formerly known as Kim M. Allred, divorced in 1996. The Decree of Divorce (divorce decree or decree) granted Mr. Allred and Ms. Yeaman joint custody of their child, R.A.,[2] who was born in 1994. However, the decree ordered: "[I]f one (1) of the parties moves more than thirty (30) miles from the city limits of the City of Sheridan, Sheridan County, State of Wyoming prior to the date when the above-named minor child reaches the age at which she is eligible to begin to attend kindergarten, the other party shall automatically have the primary care, custody, and control of said minor child."

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The Court refers to minor children by their initials. See Rule 27(a)(3).

**[\*3]**   In July 1998, when R.A. was four years old, Mr. Allred moved from Sheridan to Gillette, Wyoming, a city more than 30 miles away.  Pursuant to the terms of the divorce decree, Ms. Yeaman automatically became the primary physical custodian of R.A.

The divorce decree also contained the following provision on the 10th page:  "It is further ordered that the plaintiff [Mr. Allred] shall be able to claim the above-named minor child as a tax deduction for the purpose of any state and/or federal income tax return from the tax year 1996 onwards and that the defendant [Ms. Yeaman] shall sign any documents required by any taxing agency to effectuate the terms and provisions of this Paragraph of this Decree of Divorce."

In accordance with the decree, Mr. Allred claimed a dependency exemption for R.A. on each of his returns from 1996 through 2009.  Each time he filed, he attached a copy of the divorce decree to his return.  The Internal Revenue Service (IRS) did not challenge the exemption on any of Mr. Allred's returns before 2009.

R.A. lived with her custodial parent, Ms. Yeaman, during taxable year 2009. Petitioners attempted to electronically file their 2009 joint Federal income tax return on which they claimed a dependency exemption for R.A.  However, their submission was rejected because Ms. Yeaman had already claimed R.A. as a

[*4] dependent.  Petitioners then filed a paper 2009 return, still claiming a dependency exemption for R.A.

Petitioners did not attach a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, to their 2009 return.  Mr. Allred asked Ms. Yeaman to sign a Form 8332, but she refused.  Petitioners instead attached to their return the first and last pages of the divorce decree and the 10th page, which addressed the dependency exemption for R.A.

None of the three pages petitioners attached bore Ms. Yeaman's signature or Social Security number.  During respondent's examination of petitioners' 2009 return, petitioners tendered a full copy of the divorce decree.  Only the State district court judge and the parties' attorneys had signed the decree; Ms. Yeaman had not.  The attorneys' signatures appeared under the caption "Approved as to Form".

On August 29, 2011, respondent mailed petitioners a notice of deficiency for taxable year 2009.  Mr. Allred timely petitioned this Court for redetermination. Respondent assessed the amount in the notice of deficiency against Mrs. Allred after Mr. Allred left her off the original petition.  On January 11, 2012, Mr. Allred amended his petition to add Mrs. Allred as a petitioner.  Respondent subsequently abated the assessment against Mrs. Allred.

[*5]                              OPINION

I.      Dependency Exemption Deduction

Section 151(c) allows taxpayers to claim exemptions for their dependents (dependency exemption). Taxpayers may deduct the exemption amounts in computing their taxable income. Sec. 151(a). Section 152(a) defines the term "dependent" as either a qualifying child or a qualifying relative. Section 152(c) defines a "qualifying child" as a taxpayer's child who (1) has the same principal place of abode as the taxpayer for more than one-half of the taxable year in issue; (2) is under the age of 19 or, if a student, the age of 24; and (3) has not provided over one-half of his or her own support for the calendar year in which the applicable taxable year begins. Under those provisions, Mr. Allred could not claim R.A. as a dependent, because they did not have the same principal place of abode for more than one-half of the 2009 taxable year.

Where the parents of a dependent child are divorced or legally separated, section 152(e)(1) generally confers the dependency exemption on the parent having custody of the child for the greater portion of the calendar year (custodial parent).[3] Under the provisions of the divorce decree, Ms. Yeaman was the

_____

[3]For purposes of sec. 152(e), the "custodial parent" is the parent having custody of the child for the greater portion of the calendar year. Sec. 152(e)(4)(A).
                                                            (continued...)

**[*6]** custodial parent of R.A. in 2009, and Mr. Allred was the noncustodial parent.

Section 152(e) permits a noncustodial parent, under certain circumstances, to

claim a dependency exemption for a child. In particular, section 152(e)(2) allows

the noncustodial parent to claim a dependency exemption for a child if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

Such a declaration must unconditionally release the custodial parent's claim to the

child as a dependent and must specify the year or years for which the declaration is

effective. Sec. 1.152-4(e)(1)(I), Income Tax Regs. The noncustodial parent must

attach a copy of the written declaration to the noncustodial parent's Federal

income tax return for each taxable year for which the child is claimed as a

dependent. Sec. 1.152-4(e)(2), Income Tax Regs.

The IRS issued Form 8332 to implement the written declaration requirement

of section 152, but other documents may satisfy the requirement. Taxpayers

---

[3](...continued)
The "noncustodial parent" is, conversely, the parent without custody of the child for the greater portion of the calendar year. Sec. 152(e)(4)(B).

**[*7]** choosing not to use Form 8332 must attach documents executed for the "sole purpose of serving as a written declaration" under section 152. Sec. 1.152-4(e)(1)(ii), Income Tax Regs. Court orders, decrees, and separation agreements executed in a tax year beginning after July 2, 2008 do not qualify. Id. Such documents executed on or before that date may qualify if they satisfy the written declaration requirements in effect when they were executed. Swint v. Commissioner, 142 T.C. ___, ___ (slip op. at 7-9) (Feb. 24, 2014); sec. 1.152-4(e)(5), Income Tax Regs. Petitioners did not attach a Form 8332 to their 2009 return, because Ms. Yeaman refused to sign the form. Instead, petitioners attached three pages of the divorce decree, which was executed in 1996. The divorce decree may qualify as a written declaration if it satisfies the written declaration requirements in effect for 1996.

Section 152(e)(2)(A), which has not changed since 1996, permits a noncustodial parent to claim a dependency exemption by attaching to his or her return a written declaration signed by the custodial parent. Temporary regulations in effect for 1996 provided that any written declaration made "other than on the official form shall conform to the substance of such form." Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). The official form (Form 8332) required a taxpayer to furnish (1) the names of the

[*8] children for which exemption claims were released, (2) the years for which the claims were released, (3) the signature of the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and the Social Security number of the parent claiming the exemption. See Miller v. Commissioner, 114 T.C. 184, 190 (2000), aff'd sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); White v. Commissioner, T.C. Memo. 1996-438, 1996 Tax Ct. Memo LEXIS 455, at *7.

This Court has emphasized the critical importance of the custodial parent's signature on this declaration. See, e.g., Miller v. Commissioner, 114 T.C. at 190-191 ("Satisfying the signature requirement is critical to the successful release of the dependency exemption within the meaning of section 152(e)(2)."); see also Himes v. Commissioner, T.C. Memo. 2010-97, 2010 Tax Ct. Memo LEXIS 127, at *6 (finding that the custodial parent's "failure to sign either a Form 8332 or a substantially equivalent document is the controlling factor in this case"); Neal v. Commissioner, T.C. Memo. 1999-97, 1999 Tax Ct. Memo LEXIS 113, at *11-*12.

R.A.'s custodial parent, Ms. Yeaman, had not signed any of the documents petitioners attached to their return. Therefore, the documents did not qualify as a written declaration. The divorce decree included the signatures of the presiding

**[\*9]** judge and Ms. Yeaman's attorney, but those signatures were insufficient. We have found that a judge's signature on a court order does not satisfy the custodial parent signature requirement. See Miller v. Commissioner, 114 T.C. at 196 ("Simply attaching a State court order that is not signed by the custodial parent to the return of the noncustodial parent does not satisfy the express statutory requirements of section 152(e)(2)(A).").

Likewise Ms. Yeaman's attorney's signature did not satisfy the signature requirement. His signature indicated his approval only of the form of the decree. Section 152(e)(2) demands that the signature of the custodial parent confirm her intention to release the dependency exemption to the noncustodial parent. Miller v. Commissioner, 114 T.C. at 193. The signature of counsel approving the form of a document ordinarily does not signify the custodial parent's general consent to, and approval of, the substance of the document. Id. at 192-193. Accordingly, we find that her attorney's signature did not represent Ms. Yeaman's intention to release the dependency exemption to Mr. Allred and thus does not satisfy the signature requirement.

Furthermore, Form 8332 required the taxpayer to provide the custodial parent's Social Security number. See White v. Commissioner, 1996 Tax Ct. Memo LEXIS 455, at \*7. Because Ms. Yeaman's Social Security number does not

**[\*10]** appear anywhere in the divorce decree, the decree does not sufficiently conform to the substance of Form 8332.[4]

Respondent argues that petitioners may not satisfy the written declaration requirements with documents they submitted after filing their return. We need not address this argument, because the documents petitioners submitted after filing still did not satisfy the written declaration requirements.[5] The full divorce decree, like the pages petitioners attached to their return, did not include Ms. Yeaman's signature or Social Security number. Accordingly, the decree was not a written declaration.

## II. Petitioners' Arguments

On brief, petitioners raise a number of arguments which we can distill into three main arguments. We will discuss each in turn below.

---

[4]The omission of the custodial parent's Social Security number alone is not a determinative factor. Bramante v. Commissioner, T.C. Memo. 2002-228, 2002 Tax Ct. Memo LEXIS 235, at \*7-\*8. Here, however, the divorce decree is missing not only the custodial parent's Social Security number but her signature as well.

[5]For a more complete discussion, see the concurring and dissenting opinions in Armstrong v. Commissioner, 139 T.C. 468, 479-508 (2012), aff'd, ___ F.3d ___, 2014 WL 961033 (8th Cir. Mar. 13, 2014), where a majority of the Court agreed that a noncustodial parent who tenders documents after filing a return fails to meet the sec. 152(e)(2)(B) requirement that the written declaration be attached to the noncustodial parent's return for the taxable year.

[*11] Petitioners argue first that attaching the relevant portion of the divorce decree qualified them for the dependency exemption because respondent had accepted the same documentation for every year since 1996. Petitioners also claim that respondent should have notified them that they were not entitled to the exemption when they filed their 2009 return.

This is essentially an estoppel argument and must fail because petitioners did not specifically assert it in their pleading. See Rule 39; Lodi Iron Works, Inc. v. Commissioner, 29 T.C. 696, 701 (1958). Furthermore, the Commissioner's allowance of a deduction on a Federal income tax return for one year does not preclude him from challenging a similar item in a return for a later year. Chamberlain v. Commissioner, T.C. Memo. 2007-178, 2007 Tax Ct. Memo LEXIS 181, at *11. This holds true even where the Commissioner has accepted a taxpayer's prior returns without examining them. Id. Finally, the Commissioner has no affirmative duty to notify taxpayers of noncompliance with statutory requirements. Id. at *12. Accordingly, we cannot accept petitioners' first argument.

Petitioners base their second argument on perceived deficiencies in respondent's return-acceptance and assessment procedures. Petitioners argue that two actions in particular entitle them to the exemption: (1) respondent accepted

**[\*12]** their paper return after first rejecting their electronically filed return, and (2) respondent abated his assessment against Mrs. Allred. We reject this argument because respondent's actions comported with established collection and assessment procedures.

The Commissioner's initial acceptance of a tax return does not bar later review and denial of claimed deductions. Respondent processed the return with petitioners' claimed dependency exemption, but respondent had up to three years after petitioners filed the return to assess further tax. See sec. 6501(a). Respondent issued a notice of deficiency to petitioners in accordance with section 6212(a). Upon receipt of the notice of deficiency, Mr. Allred timely filed a petition with the Tax Court for a redetermination of the deficiency under section 6213(a). Although section 6213(a) stays the assessment of a deficiency once the taxpayer files a petition, Mr. Allred filed the petition in his name only. Because respondent originally did not believe that Mrs. Allred had petitioned with her husband, respondent made an assessment against her. After Mr. Allred amended the petition to add Mrs. Allred, respondent abated the assessment against Mrs. Allred in accordance with section 6213(a). None of these actions entitles petitioners to claim a dependency exemption for R.A. Respondent properly

**[\*13]** processed petitioners' return and used appropriate assessment procedures under the circumstances. Accordingly, we cannot accept petitioners' second argument.

Finally, petitioners contend that Mr. Allred should be allowed to claim the exemption because he was current on his child support payments. Petitioners cite Miller v. Commissioner, 114 T.C. 184 (2000), and Armstrong v. Commissioner, 139 T.C. 468 (2012), aff'd, ___ F.3d ___, 2014 WL 961033 (8th Cir. Mar. 13, 2014), two cases in which we denied the taxpayers' claimed dependency exemption. Petitioners argue that unlike the taxpayers in those cases, Mr. Allred was current on his child support payments and should be allowed the exemption.

In Miller, we denied the dependency exemption because the taxpayer did not satisfy the signature requirement of section 152(e)(2). In Armstrong, the custodial parent conditioned her release of the exemption on the taxpayer's remaining current with his child support payments. We denied the exemption because section 152(e)(2)(A) requires an unconditional release. We did not deny the exemption in either case because of the taxpayer's failure to make child support payments. Here petitioners are ineligible for the dependency exemption because the divorce decree does not qualify as a written declaration under section 152(e)(2). The fact that Mr. Allred was current on his child support payments in

[*14] 2009 does not change our analysis. Accordingly, we cannot accept petitioners' third argument.

III.    Child Tax Credit

Section 24(a) provides a credit against income tax for each qualifying child of a taxpayer for whom the taxpayer is allowed a deduction under section 151. Because petitioners may not claim a section 151 exemption for R.A., they also may not claim a child tax credit for R.A. in 2009.

In reaching our holdings herein, we have considered all arguments made and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for

respondent.