T.C. Memo. 2012-352

UNITED STATES TAX COURT

DAVID MATTHEW HANSON AND MELINDA D. HANSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5692-11.                          Filed December 19, 2012.

David Matthew Hanson and Melinda D. Hanson, pro sese.

Michael W. Bitner and Jessica R. Nolen, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge:  Respondent determined a deficiency in, and an addition

under section 6651(a)(1)[1] to, petitioners' Federal income tax (tax) for their taxable

year 2008 of $6,100 and $107.30, respectively.

_____

[1]All section references are to the Internal Revenue Code in effect for the year
at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

**[*2]** The issues remaining for decision for petitioners' taxable year 2008 are:

(1) Are petitioners entitled to a dependency exemption deduction under section 151(a) for ZH? We hold that they are not.

(2) Are petitioners entitled to a child tax credit under section 24(a) with respect to ZH? We hold that they are not.

FINDINGS OF FACT

Most of the facts have been deemed established pursuant to Rule 91(f).

At all relevant times, including at the time petitioners filed the petition, they resided in Iowa.

Petitioner David Matthew Hanson (Mr. Hanson) and Jodi Linnea Hanson (Jodi Hanson), his former spouse, are the parents of ZH, who was born in 1996.

On September 11, 1998, in anticipation that the Iowa District Court for Union County, Iowa (Iowa district court), would grant them a decree of dissolution of marriage, Mr. Hanson and Jodi Hanson entered into an agreement titled "Stipulation & Agreement" (divorce settlement).[2] Thereafter, the Iowa district court granted them such a decree. Pursuant to the terms of the divorce settlement, that settlement is considered to be a part of that decree.

---

[2]The respective Social Security numbers of Jodi Hanson and Mr. Hanson appeared on the first page of the divorce settlement but have been redacted pursuant to Rule 27(a)(1).

**[*3]** Mr. Hanson and Jodi Hanson set forth in the divorce settlement their agreement regarding "all their property rights, interest, and any and all claims of any kind or character which have arisen, now exist, or may hereafter arise between * * * [them] because of * * * [their] marriage relationship."

As pertinent here, the divorce settlement provides that the "care, custody, and control of the minor child * * * [ZH] born 1996 shall be jointly with the Petitioner [Jodi Hanson] and the Respondent [Mr. Hanson] as defined in Chapter 598, Code of Iowa 1997." However, pursuant to the divorce settlement, "The physical care of the child [ZH] shall be with the Petitioner [Jodi Hanson] subject to reasonable visitation rights on the part of the Respondent [Mr. Hanson]."

Pursuant to the divorce settlement, Mr. Hanson is required to make child support payments for ZH as follows:

4. The Respondent shall pay child support for said child through the Union County Clerk Of Court, Union County Courthouse, Creston, Iowa 50801/zip, in the sum of $300.00 per month commencing, October 1, 1998, and continuing on the first day of each month thereafter pursuant to legal obligations for support as support is defined in the Iowa Code Section 598.1(2). The Petitioner shall be awarded a judgment for any child support which becomes due and remains due.

5. Both parties shall file with the Clerk of Court or Child Support Recovery Unit as appropriate, an[y] up-to-date information on the location and identity of each party including social security number, residence, residential and mailing addresses, telephone

[*4] numbers, driver's license number, name, address, and telephone of the party's employer. The information filed pursuant to this requirement with the Clerk of Court shall be made available to the Child Support Recovery Unit upon request and to either party upon request, but shall otherwise not be of public record.

The divorce settlement further provides that "So long as the Respondent [Mr. Hanson] is current on child support payments, the Respondent shall be entitled to claim * * * [ZH] as a dependent on his federal and state income tax returns." During 2008, the year at issue, Mr. Hanson made all of the child support payments for ZH that the divorce settlement required.[3]

On May 13, 2009, petitioners filed Form 1040, U.S. Individual Income Tax Return, for their taxable year 2008 (2008 return). In that return, petitioners claimed a dependency exemption deduction and a child tax credit with respect to ZH. Petitioners included with their 2008 return a copy of the divorce settlement. They did not include with their 2008 return Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents (Form 8332).

Respondent issued to petitioners a notice of deficiency (notice) for their taxable year 2008. In that notice, respondent determined, inter alia, that petition-

---

[3]During certain other years, Mr. Hanson also made all of the child support payments for ZH that the divorce settlement required.

**[\*5]** ers are not entitled to a dependency exemption deduction or a child tax credit with respect to ZH.

## OPINION

Petitioners have the burden of establishing that the determinations in the notice that remain at issue are wrong. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Claimed Dependency Exemption Deduction

Section 151(a) provides that "the exemptions provided by this section shall be allowed as deductions" to a taxpayer. Section 151(c) provides an exemption for each dependent of the taxpayer, as defined in section 152.

Section 152(a) defines the term "dependent" to mean either a qualifying child or a qualifying relative.

Petitioners concede that ZH is not Mr. Hanson's qualifying child as defined in section 152(c) and do not claim that ZH is a qualifying relative of Mr. Hanson, as defined in section 152(d). The sole argument in support of petitioners' position that they are entitled for their taxable year 2008 to a dependency exemption deduction under section 151(a) for ZH is that pursuant to section 152(e)(2) they are entitled for that year to treat ZH as Mr. Hanson's qualifying child.

**[*6]** As pertinent here, section 152(e)(2) prescribes special rules that permit, provided certain conditions are satisfied, the noncustodial parent[4] to treat a child as that parent's qualifying child or as that parent's qualifying relative for a calendar year and thus as the noncustodial parent's dependent under section 151(c) for a taxable year beginning in that calendar year. The conditions that must be met in order for a noncustodial parent to be entitled under section 152(e)(2) to treat a child as the noncustodial parent's dependent include the following: (1) the custodial parent must sign a written declaration (in the manner and the form that the Secretary of the Treasury may prescribe) that the custodial parent will not claim the child as a dependent for the taxable year, sec. 152(e)(2)(A), and (2) the noncustodial parent must attach the custodial parent's written declaration to the noncustodial parent's return for the taxable year, sec. 152(e)(2)(B).[5]

---

[4]The parties do not dispute that Mr. Hanson is the noncustodial parent for purposes of sec. 152(e).

[5]As pertinent here, the following requirements in sec. 152(e)(1) also must be satisfied in order for the noncustodial parent to treat a child pursuant to sec. 152(e)(2) as a qualifying child under sec. 152(c) or as a qualifying relative under sec. 152(d): (1) the child must receive over one-half of the child's support during the calendar year from the child's parents, sec. 152(e)(1)(A); (2) the parents must be divorced and have lived apart at all times during the last six months of the calendar year, id.; and (3) the child must be in the custody of one or both parents for more than one-half of the calendar year, sec. 152(e)(1)(B). The parties do not disagree that these requirements of sec. 152(e)(1) are satisfied in this case.

**[*7]** The written declaration that section 152(e)(2)(A) requires must be made on Form 8332 or on a statement conforming to the substance of that form. Miller v. Commissioner, 114 T.C. 184, 190-191 (2000), aff'd on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); see sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).[6]

In order to qualify as a statement conforming to the substance of Form 8332, a document must contain substantially the same information that Form 8332 requires. Miller v. Commissioner, 114 T.C. at 191. Form 8332 requires the following: (1) the name of each child with respect to whom the custodial parent is releasing such parent's claim to a dependency exemption; (2) the year or years for which an exemption claim is being released;[7] (3) the signature of the custodial parent confirming such parent's consent to the release of his or her claim to a dependency exemption; (4) the date of the custodial parent's signature; (5) the Social Security number of the custodial parent; and (6) the name and the Social

---

[6]On brief, respondent relies on sec. 1.152-4(e), Income Tax Regs. Sec. 1.152-4, Income Tax Regs., which includes para. (e), on which respondent relies, applies to taxable years that began after July 2, 2008, sec. 1.152-4(h), Income Tax Regs., and thus does not apply for petitioners' taxable year 2008.

[7]Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984), provides that "The exemption may be released for a single year, for a number of specified years (for example, alternate years), or for all future years, as specified in the declaration."

**[*8]** Security number of the noncustodial parent claiming the dependency exemption.  See id. at 190.

Petitioners did not attach Form 8332 to their 2008 return.  Instead, they included with that return the divorce settlement.  We must decide whether the divorce settlement conforms to the substance of Form 8332.  It is petitioners' position that it does.  Respondent disagrees.

The only argument that respondent advances in support of respondent's position that the divorce settlement does not conform to the substance of Form 8332 is that that settlement "does not contain an unconditional release of the custodial parent's [Jodi Hanson's] claim, since the release is subject to the payment of child support by the noncustodial parent, petitioner David Matthew Hanson."  In advancing that argument, respondent relies on the following provision in the divorce settlement:  "So long as the Respondent [Mr. Hanson] is current on child support payments, the Respondent shall be entitled to claim * * * [ZH] as a dependent on his federal and state income tax returns."

We agree with respondent that, because of the sentence in the divorce settlement just quoted (sentence in question), the divorce settlement does not contain an unconditional release of the claim of Jodi Hanson (the custodial parent of ZH) for her taxable year 2008 to a dependency exemption for ZH.  See

**[\*9]** <u>Armstrong v. Commissioner</u>, 139 T.C. \_\_, \_\_ (slip op. at 9) (Dec. 19, 2012); <u>Gessic v. Commissioner</u>, T.C. Memo. 2010-88; <u>Thomas v. Commissioner</u>, T.C. Memo. 2010-11.  The condition in the sentence in question suggests that Mr. Hanson's compliance with his support obligations regarding ZH may vary from year to year, and, as a result, his entitlement to a dependency exemption deduction for ZH also may vary from year to year.  The conditional language in the sentence in question gives rise to an ambiguity regarding the taxable year or years with respect to which Jodi Hanson was releasing her claim to a dependency exemption for ZH.  That is because the sentence in question provides that her release of that claim is contingent on the fulfillment by Mr. Hanson of the condition set forth in that sentence.[8]  <u>See</u> <u>Armstrong v. Commissioner</u>, <u>supra</u> at \_\_ (slip op. at 11-12); <u>Gessic v. Commissioner</u>, T.C. Memo. 2010-88.

On the record before us, we find that the divorce settlement does not conform to the substance of Form 8332.  On that record, we further find that the divorce settlement does not constitute a written declaration under section

---

[8]Although we have found that during 2008 Mr. Hanson made all of the child support payments for ZH that the divorce settlement required, it would be unreasonable to expect respondent (1) to police divorce decrees, divorce agreements, and separation agreements and (2) to determine taxpayer compliance with the provisions thereof.  <u>See</u> <u>Armstrong v. Commissioner</u>, 139 T.C. \_\_, \_\_ (slip op. at 12-15) (Dec. 19, 2012); <u>Gessic v. Commissioner</u>, T.C. Memo. 2010-88.

**[*10]** 152(e)(2)(A) and that petitioners did not comply with section 152(e)(2)(B). On the record before us, we find that petitioners have failed to carry their burden of establishing that pursuant to section 152(e)(1) and (2) they are entitled for their taxable year 2008 to treat ZH as Mr. Hanson's qualifying child.

Based upon our examination of the entire record before us, we find that petitioners have failed to carry their burden of establishing that they are entitled for their taxable year 2008 to a dependency exemption deduction under section 151(a) for ZH.

Claimed Child Tax Credit

Section 24(a) provides a credit with respect to each qualifying child of the taxpayer. As pertinent here, section 24(c)(1) defines the term "qualifying child" as "a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."

Petitioners concede that ZH is not a qualifying child of Mr. Hanson, as defined in section 152(c). We have found that petitioners have failed to carry their burden of establishing that pursuant to section 152(e)(1) and (2) they are entitled for their taxable year 2008 to treat ZH as Mr. Hanson's qualifying child.

Based upon our examination of the entire record before us, we find that petitioners have failed to carry their burden of establishing that they are entitled

**[\*11]** for their taxable year 2008 to a child tax credit under section 24(a) with respect to ZH.

We have considered all of petitioners' contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and the concessions of respondent,

<u>Decision will be entered under</u>

<u>Rule 155</u>.