# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1235

_____

Billy Edward Armstrong; Phoebe J. Armstrong

*Appellant*s

v.

Commissioner of Internal Revenue

*Appellee*

_____

No. 13-2064

_____

David Matthew Hanson; Melinda D. Hanson

*Appellant*s

v.

Commissioner of Internal Revenue

*Appellee*

_____

Appeals from the United States Tax Court

_____

Submitted: October 25, 2013
Filed: March 13, 2014

_____

Before LOKEN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

Billy and Phoebe Armstrong and David and Melinda Hanson appeal Tax Court decisions disallowing their claims of dependency exemption deductions and child tax credits for a child of each husband's prior marriage. For each couple, only one tax year is at issue, a year in which the ex-wife, the custodial parent, failed to sign a document stating that she "will not claim such child as a dependent" that year, even though she had agreed to provide that document if her ex-husband paid all required child support. We consolidated the appeals. Reviewing the Tax Court's interpretation of the governing statute *de novo*, we conclude that its decisions are consistent with the plain language of 26 U.S.C. § 152(e)(2) and therefore affirm. See Nelson v. Commissioner, 568 F.3d 662, 664 (8th Cir. 2009) (standard of review).

## I. The Statute in Question

Federal income taxpayers who are married and file a joint return, like the Armstrongs and the Hansons, may claim personal exemptions for themselves and for each of their "dependents." 26 U.S.C. ("I.R.C.") § 151(b), (c). Dependent is defined to include a "qualifying child." I.R.C. §§ 151(c), 152(a)(1). In general, a taxpayer or a married couple filing jointly may only claim a dependency exemption if, among other requirements, the child had the "same principal place of abode as the taxpayer for more than one-half of [the] taxable year." I.R.C. § 152(c)(1)(B). This raises an obvious question: who gets to claim the child dependency exemption if the parents are divorced and living separately? The 1954 Internal Revenue Code initially addressed this question by providing that a divorced parent was entitled to the exemption only if he or she provided more than half of the child's financial support. I.R.C. § 152(a)(1) (1964).

By 1967, the Senate Finance Committee reported, determining which divorced parent was entitled to the child exemption under this standard had become one of the most frequently litigated income tax provisions; in resolving these disputes, "the Internal Revenue Service finds itself in the position of an unwilling arbiter between the contending parents." S. Rep. No. 90-488, reprinted in 1967 U.S.C.C.A.N. 1527, 1528 (1967). Unfortunately, the 1967 amendment, which added I.R.C. § 152(e), failed to solve the administrative problem. So Congress amended § 152(e) in the Deficit Reduction Act of 1984, enacting the provision that controls the issues presented by these consolidated appeals:

**(e) Special rule for divorced parents, etc.**--

\* \* \* \* \*

**(2) Exception where custodial parent releases claim to exemption for the year.** -- For purposes of paragraph (1), the requirements described in this paragraph are met with respect to any calendar year if --

**(A)** the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

**(B)** the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

I.R.C. § 152(e); see Pub. Law 98-369 § 423(a), 98 Stat. 494, 799 (July 18, 1984). To implement this provision, the IRS issued Form 8332, the written declaration a noncustodial parent may attach to his or her return to satisfy § 152(e)(2). Form 8332 requires the taxpayer to provide "(1) the names of the children for [whom] exemption claims were released, (2) the years for which the claims were released, (3) the

signature of the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and the Social Security number of the parent claiming the exemption." Miller v. Commissioner, 114 T.C. 184, 190 (2000). The Commissioner's Temporary Income Tax Regulations provide that any declaration "made other than on [Form 8332] shall conform to the substance of such form." 26 C.F.R. ("Treas. Reg.") § 1.152-4T(a) Q & A-3 (1984).[1]

## II. The Stipulated Facts

Mr. Armstrong's former spouse has custody of their two children. Agreements accompanying their divorce provided that Mr. Armstrong may claim the dependency exemption for one child, C.E., and his ex-wife may claim for the other child. The Armstrongs did not attach a Form 8332 signed by Mr. Armstrong's ex-wife to their joint return for 2007, the tax year in question. Instead, Mr. Armstrong attached a copy of a 2003 arbitration award allocating the exemption for C.E. to him with the proviso that "commencing with the year 2005 in order to claim a child as a tax exemption the father must be current in his payment of child support as of the last day of the filing year." That document was not signed by either Mr. Armstrong or his ex-wife and did not include their Social Security numbers. After the Armstrongs received a notice of deficiency challenging the claimed exemption for C.E., they provided the IRS a copy of a 2007 modified child support order, signed by his ex-wife, requiring her to provide Mr Armstrong "an executed IRS Form 8332 . . . or its equivalent" for any year in which his child support payments are "current." The

---

[1] The regulations were amended to provide that, for tax years beginning after July 2, 2008, the written declaration may not be conditioned on any event, including payment of child support, and any substitute for Form 8332 must have been executed for the sole purpose of serving as the written declaration. Treas. Reg. § 1.152-4(e)(1), (h). The Armstrongs and the Hansons did not comply with the amended regulation, but that regulation did not apply to the tax years in question.

parties stipulated that (i) Mr. Armstrong was current in his child support payments in 2007, and (ii) his ex-wife did not provide him a completed Form 8332 or any other document declaring that she "will not claim" C.E. as a dependent for that tax year.

Mr. Hanson's former spouse had custody of their son, Z.H., in 2008, the calendar tax year in question. The Hansons claimed a dependency exemption for Z.H. but did not attach a completed Form 8332 to their joint return. Instead, they attached a copy of a 1998 stipulation and agreement in which Mr. Hanson's ex-wife agreed that "[s]o long as [Mr. Hanson] is current on child support payments, [he] shall be entitled to claim [Z.H.] as a dependent on his federal and state income tax returns." The agreement was signed and dated by Mr. Hanson and his ex-wife and included their Social Security numbers. The parties stipulated that (i) Mr. Hanson was current on his child support payments during tax year 2008, and (ii) his ex-wife did not provide him a completed Form 8332 or any other document declaring that she "will not claim" Z.H. as a dependent for that tax year.

The Commissioner disallowed the taxpayers' claims of dependency exemption deductions and the accompanying child tax credits for C.E. and Z.H. The Armstrongs and the Hansons petitioned the Tax Court, challenging the resulting deficiencies. In a precedential decision, the full Tax Court rejected the Armstrongs' petition over a vigorous dissent. Armstrong v. Commissioner, 139 T.C. 468 (2012). That same day, the Tax Court rejected the Hansons' petition in a memorandum opinion. Hanson v. Commissioner, 104 T.C.M. (CCH) 811 (2012). In both cases, the Tax Court concluded that the claimed deductions and credits must be denied because the taxpayers failed to provide a document conforming to the substance of Form 8332 for that tax year:

> A basic element necessary for satisfying section 152(e)(2)(A) is a custodial parent's declaration that she "will not claim" the child as a dependent for a taxable year. A custodial parent accomplishes this on

> a Form 8332 with the following statement: "I agree not to claim * * * for the tax year". This statement is unconditional; and in order for a document to comply with the substance of Form 8332 and ultimately section 152 (e)(2)(A), the declaration on the document must also be unconditional.

Armstrong, 139 T.C. at 472. The only document provided by Mr. Armstrong that was signed by his ex-wife included a declaration she would not claim C.E. as a dependent in 2007 "if Mr. Armstrong keeps current with support payments." Likewise, Mr. Hanson's ex-wife promised not to claim Z.H. as a dependent in 2008 if he was current with support payments. As these were conditional releases of the ex-wives' claims, the Tax Court concluded that neither couple is entitled to the dependency exemption deduction and child tax credit at issue. The Armstrongs and the Hansons appeal these decisions. We have exclusive jurisdiction to review final decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." I.R.C. § 7482(a)(1).

## III. Discussion

On appeal, taxpayers argue that neither I.R.C. § 152(e)(2) nor its implementing Treasury Regulations require that a noncustodial parent's entitlement to the dependency exemption be unconditional. By enacting the 1984 amendment "to simplify the process," the Armstrongs assert, "Congress never wavered from its intent that the parent _entitled_ to the deduction be the one who received it." Here, both couples submitted documents in which ex-wives agreed that Mr. Armstrong and Mr. Hanson were entitled to the exemptions in any year they were current with their child support obligations, and it is undisputed they were current in the tax years in question. Therefore, the documents submitted in lieu of a Form 8332 signed by the custodial parents "conform[ed] to the substance" of Form 8332, and the taxpayers are entitled to the dependency exemption and child tax credit for C.E. and for Z.H.

Our analysis must begin with the text of the statute.  N. States Power Co. v. United States, 73 F.3d 764, 766 (8th Cir.), cert. denied, 519 U.S. 862 (1996).  Section 152(c)(1)(B) provides that, to claim a "qualifying child" as a dependent, the child must live with the taxpayer for more than half the taxable year.  Thus, the custodial parent is entitled to the deduction.  Section (e)(2) then provides that a noncustodial parent may claim the child as a dependent if he or she attaches to the tax return a written declaration signed by the custodial parent and declaring that the custodial parent "*will not claim* such child as a dependent" in that calendar year.  A conditional declaration simply does not meet this requirement.  As the Tax Court noted, when Mr. Armstrong's ex-wife declared that she will not claim the exemption <u>if</u> he keeps current with support payments, she "thereby declared that if he does <u>not</u> keep current, then she <u>will</u> claim the child as a dependent."  Armstrong, 139 T.C. at 474.  The documents submitted by the taxpayers merely told the IRS that the custodial parents *might* not claim the exemptions for C.E. and Z.H. in any particular tax year, not that they *will* not claim the exemptions.

The taxpayers argue that § 152(e)(2)(A) is ambiguous because the statute does not define "written declaration" and describe its contents.  But there is no ambiguity in the term "will not claim."  Moreover, the plain text of the 1984 amendment makes clear that Congress intended to remove the IRS from the contentious and burdensome process of determining which divorced spouse is *entitled* to the child dependency deduction.  Amended § 152(e)(2) is entitled, "Exception where custodial parent *releases* claim to exemption."  (Emphasis added.)  The statute entitles the custodial parent to claim the exemption but allows the custodial parent to transfer this claim to the noncustodial parent *by written release*.

The taxpayers argue legislative history and "clear public policy" demonstrate that Congress intended that § 152(e)(2) reward noncustodial parents with this federal tax benefit if they comply with conditions, often ordered by state courts, that they pay child support.  Because the text of § 152(e)(2) so plainly requires an unconditional

release of the custodial spouse's exemption, "legislative history and policy arguments are at best interesting, at worst distracting and misleading, and in neither case authoritative." N. States Power, 73 F.3d at 766. But it is notable that the House Ways and Means Committee, in explaining the reasons for amending § 152(e)(2) in 1984, confirmed what we consider the plain meaning of that amendment:

> The cost to the parties and the Government to resolve these disputes is relatively high and the Government generally has little tax revenue at stake in the outcome. The committee wishes to provide more certainty by allowing the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service.

H. Rep. No. 98-432 pt. II, at 1498-99, reprinted in 1984 U.S.C.C.A.N. 697, 1140 (1984). The Tax Court's decisions in these cases are true to that intent.

The taxpayers further argue that state courts often allocate the federal dependency exemption during divorce proceedings, and principles of federalism require the IRS and the federal courts to respect those allocations. This contention is without merit. "The state law creates legal interests but the federal statute determines when and how they shall be taxed." United States v. Mitchell, 403 U.S. 190, 197 (1971) (quotation omitted). Determining who is entitled to federal income tax exemptions, deductions, and credits is entirely a matter of federal law, for these are questions of "when and how they shall be taxed." State courts applying state law may allocate claims and property rights in the dissolution of a marriage, including federal tax advantages, and Congress can base the grant of federal tax advantages on those state court actions. But whether the taxpayers are entitled to the claimed dependency exemptions is a question of federal law. Of course, if a violation of a state court order wrongly deprives the intended beneficiary of a federal tax advantage, the state court unquestionably retains authority to remedy that violation.

Finally, the Armstrongs argue that, even if they did not comply with the requirements of § 152(e)(2), they did all that reasonably could be expected and therefore deserve equitable relief for their substantial compliance. We sympathize with noncustodial parents who are entitled to receive documents necessary to support their claims for federal dependency exemptions and child tax credits and their former spouses violate contractual or court-ordered obligations to provide those documents. But Congress in the 1984 amendment to § 152(e)(2) precluded attempts to remedy such wrongs in federal income tax proceedings. "We are not at liberty to digress from the provisions of the governing statutes merely because a case may present hard facts." Fehrs Fin. Co. v. Commissioner, 487 F.2d 184, 189 (8th Cir. 1973) (untimely filing of required document did not substantially comply with I.R.C. § 302), cert. denied, 416 U.S. 938 (1974).

For these reasons, we conclude that the Tax Court correctly decided that Billy and Phoebe Armstrong were not entitled to claim a dependency exemption deduction for C.E. in 2007, and that David and Melinda Hanson were not entitled to claim a dependency exemption deduction for Z.H. in 2008. Section 24(a) of the Internal Revenue Code permits taxpayers to take a child tax credit "with respect to each qualifying child of the taxpayer for which the taxpayer is allowed a deduction under section 151." Thus, our conclusion that neither couple was entitled to a deduction under § 151 means that neither was entitled to a child tax credit for that child.

The decisions of the Tax Court are affirmed.

_____