*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-376

APRIL TERM, 2014

| | | |
|---|---|---|
| Ronald Wood | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Suzen Wood | } | DOCKET NO. 296-7-07 Rddm |

Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

Mother appeals from the trial court's order granting father's motion to enforce the parties' final divorce order. At issue is a clause concerning the allocation of tax exemptions for the parties' minor children. Mother argues that the court erred in reaching its decision. We affirm.

The parties were divorced in April 2009. They have three children, Jessica, born in May 1993; Marissa, born in April 1998; and Joshua, born in June 2001. Father and mother agreed to share legal and physical parental rights and responsibilities for all three children. With respect to tax returns, the final order provided:

> Beginning with [the] 2009 tax year, the children will be alternately claimed on both parents' income tax returns with the following schedule:
>
> [Mother] will claim Joshua and Marissa in 2009
>
> [Father] will claim Jessica in 2009
>
> [Mother] will claim Jessica in 2010, [father] will claim Joshua and Marissa
>
> This pattern will follow until Jessica is either 18 or no longer eligible as a dependent, at which time each parent will claim 1 child.

In June 2013, father filed a motion to enforce, asserting that mother had improperly claimed Marissa as a dependent in 2010. Mother opposed the motion.

Following a hearing, the court granted father's request for relief. It found as follows. In 2009, as dictated by the final divorce order, mother claimed Joshua and Marissa as dependents and father claimed Jessica. In 2010, father was scheduled to claim Joshua and Marissa and mother was scheduled to claim Jessica. At that time, Jessica was a seventeen-year-old high school student. Jessica had worked during 2010 and determined that she would receive a much larger tax refund if father did not claim her as a dependent.

In January 2011, Jessica and mother told father that Jessica wanted to take herself as an exemption. Mother said that she therefore wanted to claim either Joshua or Marissa as a dependent on her own tax return. Father responded that he would follow the court order, that is, he would be claiming Joshua and Marissa. When father attempted to e-file his tax return, however, it was rejected because mother had already filed her tax return and claimed Marissa. Father spoke with someone at the IRS and filed a paper copy of his tax return, attaching a copy of the divorce order. In his return, father claimed Joshua and Marissa as dependents and received a refund. He later received a letter from the IRS stating that he owed $2,069.20 in taxes, penalties, and interest, because he had claimed Marissa.

In opposing father's motion to enforce, mother asserted that she was entitled to claim either Marissa or Joshua under the terms of the final divorce order. According to mother, Jessica was "no longer eligible" to be claimed as a dependent because Jessica wanted to take an exemption for herself. The court rejected this argument and determined that mother could have claimed Jessica as a dependent in 2010. See 26 U.S.C. § 152(a), (c)(1)-(3) (as relevant here, defining "dependent" as child of taxpayer under age 19 who has same principal place of abode as taxpayer for more than one-half of taxable year, and who has not provided over one-half of his or her own support for calendar year in which taxable year of taxpayer begins); id. § 152(e) (setting forth special rule for divorced parents, and providing that if child receives over one-half of child's support during calendar year from child's parents, who are divorced, and child is in custody of one or both of parents for more than one-half of calendar year, such child shall be treated as qualifying child or qualifying relative of noncustodial parent for calendar year if custodial parent signs written declaration that custodial parent will not claim child as a dependent and noncustodial parent attaches declaration to his or her tax return).

In reaching its conclusion, the court credited father's testimony that Jessica lived primarily with parents between January 2010 and August 2010, and primarily with father between September 2010 and December 2010. The court found that parents provided for the majority of Jessica's living expenses in 2010. The court noted that father continued to pay child support to mother for all of 2010. In fact, according to mother's affidavit, father paid mother $6,167.76 in child support for 2010. The court rejected as not credible mother's contention that Jessica had not lived with parents for the majority of 2010 and that Jessica had primarily supported herself. The court observed that Jessica had earned just under $7,000 in 2010.

The court therefore found that in 2010, Jessica was still a dependent of the parties and that the parties were "eligible" to claim her as a dependent on their tax returns as contemplated by the terms of their stipulation. The only reason she became "ineligible," the court continued, was because mother and Jessica determined, without father's consent, that Jessica would claim herself as a dependent on her return, even though she was still residing in her parents' homes and they were providing for most of her support. Thus, based on the facts recited above and the plain

2

language of the divorce order, the court concluded that father was entitled to claim both Joshua and Marissa as dependents on his 2010 tax returns. The court ordered mother to fill out an IRS tax form to this effect. Mother appealed.

Mother first suggests that the trial court lacked jurisdiction to render its decision. According to mother, the assessment of Jessica's "eligibility" to be claimed as a dependent directly implicates questions of substantive federal tax law, a matter outside the court's authority. Mother also complains that the court's decision will implicate the validity of her tax return and the tax return that Jessica filed.

These arguments are without merit. The court here interpreted and enforced the parties' stipulated final divorce agreement, and it plainly had jurisdiction to do so. See Lamell Lumber Corp. v. Newstress Int'l, Inc., 2007 VT 83, ¶ 6, 182 Vt. 282, (" 'Subject matter jurisdiction' refers to the power of a court to hear and determine a general class or category of cases."); 4 V.S.A. § 31 (explaining that civil division has exclusive jurisdiction over all civil actions, with exceptions not relevant here); V.R.F.P. 4 (post-judgment motions in divorce cases must be filed in superior court). Mother does not contest the court's authority to allocate federal tax exemptions in a final divorce order. Gazo v. Gazo, 166 Vt. 434, 448 (1997). Case law provided by mother expressly recognizes that where "a violation of a state court order wrongly deprives the intended beneficiary of a federal tax advantage, the state court unquestionably retains authority to remedy that violation." Armstrong v. Comm'r of Internal Revenue, ___ F.3d ___, 2014 WL 961033, at *5 (8th Cir. 2014). As the court found, mother violated the final divorce order here, which deprived father of his ability to claim Marissa as a dependent. The fact that the court's decision has implications for the validity of mother's tax return in no way deprives the court of jurisdiction over this case.

Assuming the court had jurisdiction over the motion to enforce, mother asserts that the court erred in finding that she could have claimed Jessica as a dependent in 2010. According to mother, the court should not have credited father's testimony as to Jessica's living situation in 2010. Mother also offers her own calculations as to the level of parental support that she believes Jessica received in 2010.

On review, we will uphold the court's factual findings unless there is no credible evidence to support them; the court's conclusion will stand where supported by its findings. DeSantis v. Pegues, 2011 VT 114, ¶ 26, 190 Vt. 457.

At the outset, we note that mother asserted below only that Jessica was "ineligible" because Jessica wanted to file her own tax return and claim herself. The term "eligible" was not defined in the parties' stipulation and the court did not err in construing this term to turn on whether parents were eligible to claim Jessica as a dependent, not whether Jessica was "eligible" to claim herself as a dependent. Applying this construction, it follows that Jessica's desire for a larger tax refund did not render the seventeen-year-old "ineligible" to be claimed as a dependent under the law. If mother had questions about her own ability to claim Jessica as a dependent, she could have inquired with the IRS. But no such question ever arose because mother's decision was based solely on the ground identified above. In any event, the court's finding that Jessica remained "eligible" to be claimed as a dependent is supported by the record. Father testified that Jessica lived with parents between January and August 2010, and then lived primarily with father

between September and December 2010. Parents provided housing for Jessica, and father also paid child support in 2010. Jessica earned only $7000 in 2010. All of this evidence supports the court's findings that Jessica lived with parents during 2010 and parents provided for most of her living expenses. These findings in turn support the court's conclusion that mother could have claimed Jessica as a dependent and that she violated the final divorce order by claiming Marissa. While mother advances her own calculations about support provided to Jessica (which do not appear to have been introduced below) and believes that her position was more persuasive than father's, the court concluded otherwise. We will not disturb the court's credibility assessment or its assessment of the weight of the evidence on appeal. Bruntaeger v. Zeller, 147 Vt. 247, 252 (1986) ("It is the province of the trial court to determine the credibility of witnesses and weigh the persuasive effect of the evidence."). We find no error in the court's decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

4