T.C. Summary Opinion 2016-4

UNITED STATES TAX COURT

XIONGHUI HE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18119-14S.                    Filed January 28, 2016.

Xionghui He, pro se.

C.D. Bradley and Elizabeth Lamber (specially recognized), for respondent.

SUMMARY OPINION

WELLS, Judge: This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $3,110 deficiency in petitioner's Federal income tax for the taxable year 2011. The issue for decision is whether petitioner is entitled to dependency exemption deductions and a child tax credit on his 2011 return.

Background

Some of the facts have been stipulated for trial under Rule 91 and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in Georgia when he filed his petition.

Petitioner and his ex-wife's divorce was finalized in 2010. As part of the divorce process, petitioner and his ex-wife executed in 2009 a Permanent Parenting Plan (parenting plan) which provided that petitioner's ex-wife is the "Primary Residential Parent" of petitioner's two minor children, A.H. and J.H.[2] The parenting plan also contains the following provision:

> The * * * father may claim the exemptions for the child or children so long as child support payments are current by the claiming parent on January 15 of the year when the return is due. The exemptions may be claimed * * * each year. The * * * [mother] will furnish IRS Form 8332 [Release of Claim to Exemption for Child of Divorced or Separated Parents] to the parent entitled to the exemption by February 15 of the year the tax return is due.

---

[2]The Court refers to minor children by their initials. See Rule 27(a)(3).

In accordance with the parenting plan, during 2011 A.H. and J.H. lived with their mother for the greater portion of the calendar year, making her their "custodial parent" for purposes of section 152(e). See sec. 152(e)(4)(A). Petitioner was, conversely, the "noncustodial parent", or the parent without custody of the children for the greater portion of the calendar year. See id. subpara. (B).

As of January 15, 2012, petitioner was current with his child support payments. However, in contravention of the parenting plan, petitioner's ex-wife did not furnish him with a signed Form 8332. Petitioner nevertheless claimed dependency exemption deductions, as well as a child tax credit, for A.H. and J.H. on his 2011 return. In lieu of attaching a Form 8332 to his 2011 return, petitioner attached a letter citing his authority for claiming the children as dependents, with pages from the relevant divorce documents as proof, and explained that his ex-wife had refused to obey the divorce decree and intended to claim the children as dependents.

On July 15, 2014, respondent mailed to petitioner a notice of deficiency for taxable year 2011. Petitioner timely petitioned this Court for redetermination.

## Discussion

I.     Dependency Exemption Deductions

Section 151(c) allows taxpayers to claim exemptions for their dependents (dependency exemption). Taxpayers may deduct the dependency exemption amounts in computing their taxable income. Sec. 151(a). Section 152(a) defines the term "dependent" as either a qualifying child or a qualifying relative.

Section 152(c) defines a "qualifying child", in relevant part, as a taxpayer's child who (1) has the same principal place of abode as the taxpayer for more than one-half of the taxable year in issue; (2) is under the age of 19 or, if a student, the age of 24; and (3) has not provided over one-half of his or her own support for the calendar year in which the applicable taxable year begins. A.H. and J.H. did not reside with petitioner for more than one-half of the year in issue, making petitioner the noncustodial parent, see sec. 152(e)(4)(B), and meaning that A.H. and J.H. were not his "qualifying children" during 2011,[3] see sec. 152(c).

---

[3]Additionally, A.H. and J.H. are not petitioner's "qualifying relatives". The definition of "qualifying relative" excludes the "qualifying child" of any other taxpayer. Sec. 152(d)(1)(D). A.H. and J.H. are "qualifying children" of petitioner's ex-wife, see sec. 152(c), and accordingly cannot be the "qualifying relatives" of petitioner, see sec. 152(d)(1)(D).

However, section 152(e) permits a noncustodial parent, under certain circumstances, to claim a dependency exemption deduction for a child. The noncustodial parent may claim a dependency exemption deduction for a child if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

Sec. 152(e)(2). Such a declaration must unconditionally release the custodial parent's claim to the child as a dependent and must specify the year or years for which the declaration is effective. Sec. 1.152-4(e)(1)(i), Income Tax Regs. The noncustodial parent must attach a copy of the written declaration to the noncustodial parent's Federal income tax return for each taxable year for which the child is claimed as a dependent. Id. subpara. (2).

The IRS issued Form 8332 to implement the written declaration requirement of section 152, but other documents may satisfy the requirement. Sec. 1.152-4(e)(1)(ii), Income Tax Regs. To satisfy the requirement, taxpayers who do not use Form 8332 must attach documents executed for the "sole purpose of serving as a written declaration" under section 152. Id. Petitioner did not attach a

Form 8332 to his 2011 return because his ex-wife refused to sign the form. Instead, petitioner attached pages from his divorce documents, which were executed in 2009 and 2010. Unfortunately for petitioner, the regulations explicitly state that court orders, decrees, and separation agreements executed in a tax year beginning after July 2, 2008, do not satisfy the written declaration requirement. Sec. 1.152-4(e)(1)(ii)(5), Income Tax Regs. Petitioner's divorce documents therefore may not qualify as a written declaration because they were executed after July 2, 2008, and, consequently, petitioner failed to satisfy the written declaration requirement of section 152.[4]

We sympathize with petitioner's circumstances: He was up to date on his child support, and under the divorce documents, his ex-wife was obliged to sign Form 8332 and release the exemption deductions to him. We are obligated, however, to follow the statute as written. Accordingly, petitioner is not entitled to dependency exemption deductions for A.H. and J.H. for tax year 2011.

---

[4]In any event, petitioner's documents would not have qualified as a written declaration because they made his right to the dependency exemptions conditional upon staying current with child support payments. See sec. 1.152-4(e)(1)(ii)(5), Income Tax Regs.; Armstrong v. Commissioner, 139 T.C. 468, 473 (2012), aff'd, 745 F.3d 890 (8th Cir. 2004).

II.     Child Tax Credit

Section 24(a) provides a credit against income tax for each qualifying child of a taxpayer for whom the taxpayer is allowed a deduction under section 151. Because petitioner is not entitled to dependency exemption deductions for A.H. and J.H., he also is not entitled to a child tax credit for them for 2011.

In reaching our holdings herein, we have considered all arguments made and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.