T.C. Summary Opinion 2016-51

UNITED STATES TAX COURT

TIFFANY MARIE MCSWEENEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16272-14S.                    Filed August 31, 2016.

<u>Luz A. Arevalo</u>, for petitioner.

<u>Sheida Lahabi</u>, for respondent.

SUMMARY OPINION

LAUBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Under

---

[1]All statutory references are to the Internal Revenue Code (Code) in effect for the tax year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The Internal Revenue Service (IRS or respondent) determined for 2012 a deficiency in petitioner's Federal income tax of $4,817. The sole issue for decision is whether petitioner is entitled to a dependency exemption deduction for her minor child, D.R.J.[2] The answer to that question in turn determines whether petitioner is entitled to head-of-household filing status, a child tax credit, and an earned income credit. We decide these issues in favor of respondent.

## Background

The parties filed a stipulation of facts with accompanying exhibits that are incorporated by this reference. Petitioner resided in Massachusetts when she petitioned this Court.

D.R.J. is the child of petitioner and Dane Michael Raposa. Petitioner and Mr. Raposa were never married and did not live together during 2012. In 2009 a Massachusetts family court entered an order providing that petitioner and Mr. Raposa were to have joint physical and legal custody of D.R.J. The order specified that Mr. Raposa would collect D.R.J. from school each Thursday afternoon and drop him off at school or at petitioner's residence each Monday morning. The

---

[2]We refer to minor children by their initials. See Rule 27(a)(3).

2009 order thus made Mr. Raposa the custodial parent because he was to have custody of D.R.J. four nights a week. See sec. 1.152-4(d)(1), Income Tax Regs.

Petitioner subsequently went through a difficult period. In 2011 a Massachusetts court entered a temporary order providing that Mr. Raposa was to have sole physical and legal custody of D.R.J. This order specified that petitioner was to have supervised visits on Saturdays only.

Petitioner testified at trial that she and Mr. Raposa shared custody of D.R.J. without regard to court orders and would "decide amongst ourselves what we needed to do for that week." She stated that D.R.J. "would spend more * * * [days] at the end of the week with me, because it was easier just with school." Petitioner testified, in other words, that the actual custody arrangements were at odds with the Massachusetts court's 2011 order and the reverse of what the court had ordered in 2009. Mr. Raposa offered conflicting testimony, stating that the custody arrangements varied but that D.R.J. sometimes spent five to seven nights per week at the home of Mr. Raposa's mother, Michaelyn Burkett.

Mr. Raposa was unemployed during 2012 and lived most of the time at the home of his mother. Petitioner initially stipulated that Mr. Raposa lived at his mother's house throughout calendar year 2012. Although Mr. Raposa and Ms.

Burkett testified that this was correct, petitioner offered inconsistent testimony on this point at trial. We accordingly determined to set aside her stipulation.

D.R.J.'s school records show Ms. Burkett's address as D.R.J.'s residence during 2012. Those records show Mr. Raposa as D.R.J.'s parent/guardian and do not make any reference to petitioner. All correspondence from D.R.J.'s school was addressed to Mr. Raposa and sent to Ms. Burkett's address.

Petitioner provided some financial support to D.R.J. during 2012. D.R.J. was an enthusiastic baseball player, and petitioner paid some costs of that activity. Petitioner paid some of D.R.J.'s other expenses when he was with her, but the total amount she paid cannot be ascertained, in part because her roommate defrayed a portion of the joint living expenses. Mr. Raposa and Ms. Burkett testified that they paid the bulk of D.R.J.'s living expenses by paying the mortgage on Ms. Burkett's house and using food stamps to pay for his meals. All in all, petitioner did not establish that she provided more than 50% of D.R.J.'s support for 2012.

Petitioner timely filed her 2012 Federal income tax return claiming a dependency exemption deduction for D.R.J. and head-of-household filing status. She likewise treated D.R.J. as a "qualifying child" for purposes of calculating her eligibility for the earned income tax credit (EITC) and the child tax credit. She did not attach to her return a Form 8332, Release/Revocation of Release of Claim to

Exemption for Child by Custodial Parent, or equivalent documentation by which Mr. Raposa, as the custodial parent, relinquished his right to claim D.R.J. as a dependent.

Unbeknowest to petitioner, Ms. Burkett, as D.R.J.'s grandmother, also claimed him as a dependent on her 2012 Federal income tax return. Alerted to this discrepancy by computer document matching, the IRS issued petitioner a notice of deficiency that disallowed her claimed dependency exemption deduction and (as a corollary thereof) her claimed head-of-household filing status and the ancillary credits. Petitioner timely petitioned this Court for redetermination.

## Discussion

The Commissioner's determinations in a notice of deficiency are generally presumed correct, though the taxpayer can rebut this presumption. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend that the burden of proof should shift to respondent under section 7491(a) and, if she had advanced this contention, it would lack merit. Petitioner has not provided sufficient credible evidence to cause a shift in the burden of proof. See sec. 7491(a)(1). Deductions and credits are a matter of legislative grace; taxpayers bear the burden of proving their entitlement to deductions and credits allowed by

the Code and substantiating the amounts thereof.  INDOPCO v. Commissioner,
503 U.S. 79, 84 (1992).

Section 151 provides as a deduction an exemption from taxable income
($3,800 for 2012) for each "dependent" as defined in section 152.  Section 152(a)
defines a dependent as either a "qualifying child" or a "qualifying relative" of the
taxpayer.  To be considered a "qualifying child" of the taxpayer, the child must
(among other things) have the same principal place of abode as the taxpayer for
more than one-half of the taxable year.  See sec. 152(c)(1)(B).

There was conflicting testimony from petitioner, Mr. Raposa, and Ms. Bur-
kett as to where D.R.J. lived and how many days of the week he spent at various
locations.  We were unable to resolve this dispute on the basis of the witnesses'
demeanor.  The testimony of Mr. Raposa and Ms. Burkett, however, aligned more
closely with D.R.J.'s school records (which show Mr. Raposa as his
parent/guardian and Ms. Burkett's house as his residence) and with the custody
orders of the Massachusetts family courts.  Those orders initially provided that Mr.
Raposa was to be the custodial parent, with custody four nights a week; and those
orders subsequently provided (for 2011-2012) that petitioner was to have no
custody of D.R.J. at all but only supervised visits with him on Saturdays.  Under
these circumstances, we cannot conclude that petitioner has satisfied her burden of

proving that D.R.J. resided with her for at least 183 days of the year 2012. Petitioner offered no documents or other witnesses to corroborate her testimony on these points.

For a family member to be a "qualifying relative" a taxpayer must show (among other things) that she provided more than 50% of that person's support during the year. Though petitioner credibly testified that she furnished some support for D.R.J. during 2012, she did not prove that she personally provided more than 50% of his support. She was unable to establish how frequently D.R.J. stayed with her or the extent to which she (as opposed to her roommate) defrayed the living expenses of that household. Under these circumstances, we cannot find that D.R.J. was a "qualifying relative" of petitioner during 2012. See sec. 152(d)(1)(C) and (D).

Though D.R.J. was neither a "qualifying child" nor a "qualifying relative" of petitioner during 2012, the Code provides a mechanism for a noncustodial parent such as petitioner to become entitled to a dependency exemption. When parents are legally separated or divorced, section 152(e)(1) generally awards the dependency exemption to the custodial parent, that is, the parent having custody of the child for the greater portion of the year. Sec. 152(e)(4). Section 152(e)(2) provides an exception to this rule if two conditions are met: The custodial parent

"signs a written declaration" releasing his or her claim to the exemption and the noncustodial parent "attaches such written declaration to the noncustodial parent's return for the taxable year." Sec. 152(e)(2)(A) and (B). The declaration by the custodial parent must be made on Form 8332 or in a signed document substantially similar to Form 8332. See sec. 152(e)(2); Armstrong v. Commissioner, 139 T.C. 468 (2012), aff'd, 745 F.3d 890 (8th Cir. 2014); Miller v. Commissioner, 114 T.C. 184, 190-191 (2000), aff'd on other grounds sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).

Petitioner did not include in her 2012 return either a Form 8332 or a signed declaration from Mr. Raposa relinquishing his right, as custodial parent, to claim D.R.J. as his dependent. Petitioner did not discuss with Mr. Raposa, before filing her 2012 return, who would claim D.R.J. as a dependent. Mr. Raposa testified at trial that he did not know what Form 8332 was and that petitioner had never mentioned it to him.

In sum, we have no alternative but to conclude that petitioner has failed to carry her burden of proving her entitlement to a dependency exemption deduction

for 2012.  As a corollary of that conclusion, we find that she is not entitled to head-of-household filing status or to a child tax credit.[3]

We likewise conclude that petitioner is not entitled to an EITC for 2012. Section 32(a)(1) allows eligible taxpayers to claim the EITC as a refundable credit. A taxpayer who files as single and has earned income exceeding $13,980 cannot claim an EITC unless he or she has at least one qualifying child.  Sec. 32(b)(2), (j)(1).  The term "qualifying child" is defined in section 32(c)(3)(A) to mean a qualifying child of the taxpayer as defined in section 152(c).  Petitioner had earned income of $16,213 for 2012.  Because D.R.J. was not her "qualifying child" and because she had no other qualifying children, she is not eligible for this credit.

This case resembles many that come before our Court.  The situation is unfortunate; the money is important; and the facts are sharply contested.  In such cases the outcome is often dictated by the burden of proof.  On the record before

---

[3]To be entitled to head-of-household status, a taxpayer must maintain a home that "constitutes for more than one-half of such taxable year the principal place of abode" of at least one qualifying child.  Sec. 2(b).  Petitioner failed to show that D.R.J. resided with her for more than half of calendar year 2012.  To be entitled to the child tax credit, a taxpayer must have a "qualifying child * * * for which the taxpayer is allowed a deduction under section 151."  See sec. 24(a).  For the reasons discussed in the text, petitioner is not entitled to such a deduction.

us, we have no alternative but to conclude that petitioner has not met her burden of proof, and we must therefore sustain respondent's determinations.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.