T.C. Summary Opinion 2017-22

UNITED STATES TAX COURT

ADRIAN COREY JENKINS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28323-15S.                    Filed April 3, 2017.

Adrian Corey Jenkins, pro se.

Monica E. Koch, for respondent.

SUMMARY OPINION

GUY, Special Trial Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $3,493 in petitioner's Federal income tax for 2013. Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, petitioner resided in New York.

After concessions,[2] the issues remaining for decision are whether petitioner is entitled to: (1) a dependency exemption deduction, (2) a child tax credit, (3) an earned income credit, and (4) head of household filing status.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.

---

[1](...continued)
Revenue Code, as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2]At trial petitioner submitted a Form 1098-T, Tuition Statement, indicating that he paid $2,559 in qualified tuition and related expenses in 2013. Respondent conceded that petitioner is entitled to a lifetime learning credit in an amount to be determined by way of computations for entry of decision under Rule 155.

## I. Petitioner's Child

Petitioner and Michelle A. Chandler are the parents of a minor child (R.K.J.) born in 2008. Petitioner and Ms. Chandler never married.

On October 9, 2009, the Family Court of the State of New York in Kings County (family court) issued an order and awarded Ms. Chandler full physical custody of R.K.J. and awarded petitioner overnight visitation rights including one day per week, every other weekend, approximately seven holidays, and two weeks in both July and August. In October 2012 the family court modified its previous order and awarded petitioner additional overnight visitation rights on weekends. At trial petitioner provided the Court with a calendar indicating that R.K.J. lived with him for 150 days in 2013.

Petitioner paid $2,999 for R.K.J.'s support in 2013, including monthly child support payments of $125, daycare expenses of $675, and other miscellaneous expenses. Although petitioner maintained health insurance coverage for R.K.J., the record does not reflect the cost of the insurance. There is no evidence of the amount that Ms. Chandler paid to support R.K.J. in 2013 or other sources of financial support available to the child.

## II. Petitioner's Tax Return for 2013

Petitioner filed an individual Federal income tax return for 2013 claiming head of household filing status, a dependency exemption deduction for R.K.J., an earned income credit, and a child tax credit. Ms. Chandler or her mother also claimed a dependency exemption deduction for R.K.J. for the taxable year 2013.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend, and the record does not suggest, that the burden of proof should shift to respondent pursuant to section 7491(a).

Deductions and credits are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction or credit claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Likewise, the taxpayer is obliged to demonstrate entitlement to an advantageous filing status such as head of household. See, e.g., Smith v. Commissioner, T.C. Memo. 2008-229.

## I. Dependency Exemption Deduction

An individual is allowed as a deduction an exemption for "each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." Sec. 151(a), (c). Section 152(a) defines the term "dependent" to include a "qualifying child" or a "qualifying relative".

Generally, a "qualifying child" must (1) bear a specified relationship to the taxpayer (e.g., be the taxpayer's child), (2) have the same principal place of abode as the taxpayer for more than one-half of such taxable year, (3) meet certain age requirements, (4) not have provided over one-half of such individual's own support for the taxable year at issue, and (5) not have filed a joint return for that year. Sec. 152(c)(1).

Section 152(d) generally defines a "qualifying relative" as an individual (1) who bears a specified relationship to the taxpayer (e.g., is the taxpayer's child), (2) whose gross income is less than the exemption amount, (3) with respect to whom the taxpayer provides over one-half of the individual's support, and (4) who is not a qualifying child of such taxpayer or any other taxpayer.

Respondent does not dispute that R.K.J. satisfies the age and relationship requirements of section 152(c). Respondent does not agree, however, that R.K.J.

lived with petitioner for more than one-half of the taxable year or that petitioner provided more than one-half of R.K.J.'s support.

Petitioner presented evidence at trial that R.K.J. spent 150 days with him during 2013. In the absence of any additional or contrary evidence, we conclude that R.K.J. spent the remainder of 2013, or 215 days, with Ms. Chandler, the child's custodial parent. Because R.K.J. did not have the same principal place of abode as petitioner for more than one-half of the year, it follows that R.K.J. was not his qualifying child within the meaning of section 152(c).

Petitioner demonstrated that he paid at least $2,999 for R.K.J.'s support in 2013. There is no evidence, however, of the amounts that Ms. Chandler or her mother paid to support R.K.J. or other sources of financial support available to the child. Because petitioner failed to show that he provided more than one-half of R.K.J.'s support in 2013, it follows that R.K.J. was not petitioner's qualifying relative within the meaning of section 152(d). Consequently, we sustain respondent's determination disallowing the dependency exemption deduction in dispute.[3]

---

[3]Although sec. 152(e) permits a noncustodial parent to claim a dependency exemption deduction with respect to his or her child if the custodial parent signs a written declaration conforming with Form 8332, Release/Revocation of Release of Claim to Exemption for Child of Custodial Parent, indicating that he or she will

(continued...)

## II. Child Tax Credit

Section 24(a) provides a tax credit with respect to each qualifying child of the taxpayer for whom the taxpayer is allowed a deduction under section 151. Section 24(c)(1) defines the term "qualifying child" as a "qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17." As previously discussed, R.K.J. was not petitioner's qualifying child as defined in section 152(c) for the taxable year 2013, and, therefore, petitioner is not entitled to the child tax credit in dispute.

## III. Earned Income Credit

Section 32(a)(1) allows an eligible individual an earned income tax credit (EIC). Section 32(c)(1)(A)(i) defines an "eligible individual" as an individual who has a qualifying child for the taxable year.[4] The term "qualifying child" is defined in section 32(c)(3)(A) to mean a qualifying child of the taxpayer (as defined in section 152(c), determined without regard to paragraph (1)(D) thereof and section 152(e)). Consistent with the preceding discussion, R.K.J. was not

---

[3](...continued)
not claim the dependent child for that year, there is no evidence that Ms. Chandler executed such a written declaration. See Armstrong v. Commissioner, 139 T.C. 468, 472 (2012), aff'd, 745 F.3d 890 (8th Cir. 2014).

[4]Petitioner offered no evidence that he is an eligible individual under sec. 32(c)(1)(A)(ii).

petitioner's qualifying child as that term is defined in section 152(c). It follows that petitioner is not eligible for an EIC.

IV. Head of Household Filing Status

Section 1(b) prescribes a relatively favorable tax schedule for a taxpayer who qualifies as a "head of household". Section 2(b) defines a head of household, as relevant herein, as an individual taxpayer who: (1) is unmarried as of the close of the taxable year and is not a surviving spouse; and (2) maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of (a) a qualifying child of the individual (as defined in section 152(c), determined without regard to section 152(e)), or (b) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151. See Rowe v. Commissioner, 128 T.C. 13, 16-17 (2007).

As previously discussed, R.K.J. was not petitioner's qualifying child within the meaning of section 152(c) for 2013, nor was petitioner entitled to a dependency exemption deduction for him under section 151. Consequently, petitioner does not qualify for head of household filing status for the 2013 tax year.

To reflect the foregoing,

Decision will be entered

under Rule 155.